331 P.2d 846

**STATE of Arizona, Appellee,**

v.

**Eugene MILTON, Appellant.**

No. 1123.

Supreme Court of Arizona.

Nov. 12, 1958.

Duecy, Moore & Jacobowitz, Phoenix, for appellant.

Robert Morrison, Atty. Gen., Charles C. Stidham, County Atty., and Jarrett S. Jarvis, Deputy County Atty., Phoenix, for appellee.

UDALL, Chief Justice.

Eugene Milton, defendant-appellant, was informed against, tried and convicted by a

jury of the crime of illegal possession and sale of narcotic drug a felony (A.R.S. § 36-1002). After denial of his motions for a new trial and in arrest of judgment, the court pronounced judgment and as punishment sentenced defendant to serve not less than five nor more than six years in the state penitentiary. Defendant has appealed from the judgment of conviction. The parties will be referred to as they were in the trial court, viz., the State, and defendant.

It should be noted that the criminal prosecution in this matter was commenced before a committing magistrate by the filing of a criminal complaint signed by Alfred J. Jordan on November 25, 1957; preliminary hearing was waived by defendant; and he was held to answer to the superior court on December 3, 1957.

There are but two assignments of error, the first and principal one being:

"The court erred in denying appellant's motion for a new trial upon the ground that the verdict was not justified, and was contrary to the evidence."

A supporting proposition of law reads:

"When the conclusion of a jury is physically impossible or reasonably incredible on the evidence adduced, the court is obliged to set aside the verdict as contrary to the weight of the evidence."

The factual basis giving rise to this assignment is that there is a direct conflict in the testimony of the complaining witness as to the time element. Alfred J. Jordan, a special employee of the narcotic division of the State Liquor Department (who as an undercover man purportedly made the "buy" of twelve marijuana cigarettes from defendant), testified at the trial on direct examination that he made the purchase on November 11, 1957, whereas on cross-examination he became confused and flatly testified that he first met the defendant on November 25, 1957, and that the "buy" was made on December 11, 1957. The record discloses that this latter statement was physically impossible because on this last-mentioned date the defendant was languishing in the Maricopa County jail, where he had been incarcerated since November 29, 1957.

The defendant contends that the evidence is such that it is susceptible of but one interpretation, and that reasonable men could come to but one conclusion, i. e., that defendant was not guilty of the offense charged. To arrive at this result defendant necessarily ignores the over-all testimony, not only of the witness Jordan but the other evidence adduced by the State. None of the reported decisions cited by defendant support such a narrow view.

We believe that the true rule is succinctly stated in 32 C.J.S. Evidence §

1031, from which we quote the pertinent part:

"a. *In General*

"In determining the weight of the evidence or its effect in inducing belief, *consideration should be given to all of the evidence,* its reasonableness in view of surrounding circumstances and inherent probabilities, *the existence or lack of corroboration, the accuracy and truthfulness of the witness, and all attendant and relevant facts accompanying the admission of the evidence; and the testimony of an individual witness should be considered as a whole. * * *"* (Emphasis supplied.)

Let us examine other evidence adduced by the State bearing upon this matter of the date of the alleged offense:

1. W. H. Roberts, the regular narcotics officer of the liquor department, testified that he and his assistant, Anderson, met Jordan on November 11, 1957, at the Union Station; that they gave him $12 in currency; that they followed him at a distance of a block or two; that they observed Jordan stop at Pop's Bar and pick up another colored man in a turtle-neck sweater and levis; that they saw the two men drive a short distance in Jordan's car, saw the man in the turtle-neck sweater twice get out and return, that they passed both men and positively identified the one as Eugene

Milton, the defendant; that they thereafter met Jordan, got from him the twelve marijuana cigarettes, initialed them and that Roberts dated them "11–11". These cigarettes were introduced into evidence and exhibited to the jury.

2. In Officer Anderson's testimony he fixed the date as November 11, 1957, which corroborates the story of the day's events as told by Officer Roberts and the complaining witness Jordan.

3. The testimony of Claude McClean, the chemist: That he received the cigarettes on 11/12/57, tested them to see what they were composed of and found from all his tests that they were 100% marijuana.

4. Recognizing there was a conflict in dates, the prosecutor, in an effort to rehabilitate, recalled his principal witness, Al Jordan, for further redirect examination, from which we quote:

"Q. Mr. Jordan, on cross-examination you demonstrated some uncertainty about some dates and other facts. Is there any doubt or uncertainty in your mind that on some day you met the agents Roberts and Anderson at the Union Station? A. That is right.

"Q. Is there any uncertainty about that, or are you sure of that? A. I am sure about that.

"Q. Are you ready to swear they gave you the twelve dollars as you testified? A. Yes, sir.

"Q. Is there any doubt that on that same day you met the defendant seated at the table? A. Yes, sir.

"Q. You did or did not meet him? A. I did meet him.

"Q. Are you sure of that? A. Yes, sir.

"Q. Are you certain that you purchased those 12 cigarettes from him? A. Yes, I am sure of that. * * *"

■ Obviously the witness Jordan made contradictory statements but the jury was not compelled to accept only his statements made on cross-examination. It was its privilege and duty to consider all of his testimony in connection with all of the evidence. We understand the rule to be that testimony of a witness on cross-examination is no stronger than as modified by his direct and redirect examination, hence a particular part of his testimony may not be singled out—as grounds for reversal in this court—to the exclusion of other parts of equal importance bearing on the subject. Cf. Alvarado v. Tucker, 2 Utah 2d 16, 268 P.2d 986.

■ The rule in this jurisdiction is clear on the matter of disturbing verdicts where the sufficiency of the evidence is challenged:

"* * *. This court has on many occasions committed itself to the proposition that in reviewing the sufficiency of the evidence to support a conviction *the evidence on review is to be viewed in the light most favorable to the state*. (Citing cases.) Not only must the evidence be viewed in its strongest light in favor of the verdict, but *all reasonable inferences therefrom must be taken in most unfavorable manner to defendant. * * *"* (Emphasis supplied.) State v. Stephens, 66 Ariz. 219, 186 P.2d 346, 352.

■■ Where, as here, there is an evidentiary basis for the jury's verdict, the jury was free to discard or disbelieve whatever facts were inconsistent with its conclusion. It is only when there is a complete absence of probative facts to support the conclusion reached that reversible error appears. Cf. Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916. The jury obviously resolved all apparent conflicts against the defendant. We hold there is no merit to the first assignment of error.

The defendant took the witness stand in his own defense and flatly denied making the sale in question. His own counsel brought out that he had previously been convicted of a similar offense and had served a term of three years in the penitentiary. On cross-examination the prosecutor asked defendant this question and received the following answer, viz.:

"Mr. Jarvis: Were you convicted also of a narcotics charge in 1956 at Leavenworth, Kansas?

"Mr. Milton: No, sir.'·

At oral argument before us, Mr. Jarvis, with commendable candor, admitted that the question was improper and should not have been asked. His excuse was that he misread defendant's F.B.I. record wherein this matter was recorded as merely an arrest and not a conviction.

The asking of this unwarranted question forms the basis of the second assignment of error. Defendant insists that it was so prejudicial that it prevented him from having a fair trial and hence urges that we should reverse the conviction and grant a new trial. Our pronouncements in State v. Stago, 82 Ariz. 285, 312 P.2d 160, and in State v. Singleton, 66 Ariz. 49, 182 P.2d 920, are relied upon. Both sides concede the soundness of the principles of law therein enunciated.

The State points out that defense counsel did not object to this improper question, nor make a motion to strike it or instruct the jury to disregard same. It does appear that no further mention was made of defendant's criminal record in oral argument or otherwise. Furthermore, the court gave the instructions which defense counsel requested on the limited use of evidence regarding prior convictions. Neither was this improper question set forth as a ground for granting the motion for new trial. It is first raised on appeal. On the basis of this record the State contends, and we agree, that the matter is not within the scope of appellate review as his right to now challenge it was waived by failure to timely object thereto.

Finding no prejudicial error in the record the judgment of conviction is affirmed.

Judgment affirmed.

WINDES, PHELPS, STRUCKMEYER, and JOHNSON, JJ., concurring.