348 P.2d 921

**STATE of Arizona, Appellee,**

v.

**James Edgar GRANINGER, Appellant.**

No. 1156.

Supreme Court of Arizona.

Jan. 27, 1960.

James E. Graninger, pro se.

Wade Church, Atty. Gen. and Leslie C. Hardy, Chief Asst. Atty. Gen., for appellee.

JOHNSON, Justice.

This is an appeal by defendant, pro se, from a judgment of conviction of the crime of burglary in the first degree, a felony.

Defendant contends on appeal that he was forced to stand trial without counsel of his choice, and that the trial court, at the time of passing sentence upon defendant, failed to permit either defendant or his counsel to voice legal cause why defendant should not be sentenced.

With respect to defendant's first alleged ground for reversal, the facts appear to be

as follows: commencing with defendant's arraignment on July 2, 1958 and throughout all preliminary proceedings incident to the case until September 22, 1958, defendant received legal representation by attorney Douglas H. Clark. On the latter date, Mr. Clark was allowed to withdraw as counsel of record in the case. On September 25, 1958, it was ordered that the record show one H. Watson as counsel of record. No further reference to Mr. Watson is contained in the record. Rather, from September 29, 1958 to the trial date of December 16, 1958 defendant was represented in all matters by William H. Chester. On the morning of the trial date of December 16, it was ordered substituting Murray Miller as counsel for defendant in place of Mr. Chester. Later that same morning, however, defendant appeared in court for trial represented by the same William H. Chester. At that time, Mr. Chester sought permission from the trial court to withdraw from the case. The trial court temporarily denied this request and ordered Murray Miller to be associate counsel to Mr. Chester. The court further ordered that the jury be selected and that the trial of the case be continued until the day following, the court noting in its order that it would take Mr. Chester's request for withdrawal under advisement until that time. The ensuing examination of prospective jurors was accomplished by both Murray Miller and Mr. Chester. The next day, December 17, 1958, Murray Miller was not present in court due to illness and Mr. Chester was directed to proceed with the defense. Thereafter, Mr. Chester ably represented defendant throughout the trial of the case. After the conclusion of the trial, Mr. Chester was permitted to withdraw as counsel for defendant, and Mr. Miller, apparently having recovered from his illness, moved for new trial on behalf of defendant, was present with defendant at the time of passage of sentence, and filed timely notice of appeal for defendant.

■ This court has carefully read the entire record of the proceedings in the trial court, including the transcript of testimony, and it conclusively appears that the defendant was competently represented at all stages of the trial and it further appears that the defendant did not at any time object to the presence of any of the attorneys acting in his behalf. Even if it be assumed that defendant was represented by counsel not of his own choosing, it clearly is evident that he was fully accorded his constitutional right to representation by counsel, and that it would not have been reversible error had the trial court refused to accede to the personal desires of defendant in the matter. Burgunder v. State of Arizona, 55 Ariz. 411, 103 P.2d 256, and annotation in 157 A.L.R. 1226.

■ It further appears from the record that after denying a motion for a new trial and at the time fixed by the trial court for passing sentence the defendant and his at-

**154**

torney were present in court and pursuant to Rule 330, Arizona Rules of Criminal Procedure, 17 A.R.S., the Court informed the defendant of the verdict of the jury finding him guilty of the first degree burglary, a felony. The Court then inquired if the defendant had any legal cause to show why sentence should not be pronounced and no sufficient cause being shown or appearing to the Court, sentence was duly imposed. There is no merit to the contention of the defendant that the trial court denied him any rights under Rule 330, supra. This is a frivolous appeal.

Judgment affirmed.

STRUCKMEYER, C. J., and PHELPS, UDALL and BERNSTEIN, JJ., concur.