376 P.2d 132

The STATE of Arizona, Appellee,

v.

Vernon MAHAN, Appellant.

No. 1258.

Supreme Court of Arizona,

En Banc.

Nov. 14, 1962.

Marilyn A. Riddel, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., Phoenix, for appellee.

LOCKWOOD, Justice.

Defendant Vernon Mahan brings this appeal from a conviction of and a twenty to thirty year prison sentence for robbery and from a denial of the defendant's motion for a new trial.

At approximately 12:10 P.M. on June 5, 1961, the State Treasurer's office in the Capitol Building, Phoenix, Arizona, was robbed of approximately $2,600.00. The defendant was subsequently arrested and charged with that crime. Two employees of the State Treasurer's office as eye witnesses positively identified the defendant as the person who committed said robbery, both at a police lineup and later during the course of the trial. Anthony Delgado testified for the prosecution that he had planned the robbery himself, but because of fear that he might be recognized he persuaded the defendant and another to help carry out the plans. Delgado stated that earlier in the day the defendant purchased a .22 caliber short barrel revolver and that the defendant was the one who was to enter the building with the gun to get the money. Delgado further testified that later that same day the three parties, including the defendant, split the money three ways.

While being interrogated after his capture the defendant claimed that he had not left the Travelodge Motel in Phoenix, Arizona, the entire day that the robbery took place. However, he changed his story after being confronted with the receipt for purchase of a .22 caliber pistol, but still claimed he was at the motel at the time of the robbery. A maid at the motel testified she had seen the defendant there at 11:50 A.M. and also at 12:30 P.M. on the day in question and had not seen him leave in the interim. The defendant also claimed that as he was paying his motel bill on that same day he noticed that the clock in the motel office read 12:15 P.M. The motel manager testified she did not recall the time the defendant had paid his bill, but that it would be almost impossible for a customer at the motel desk to see the only small clock in the motel office, because of its position.

After his conviction, the defendant moved for a new trial on two grounds: (1) the verdict was contrary to law and the weight of the evidence, and (2) newly discovered evidence. Accompanying the motion was the defendant's affidavit that he had, the day before the trial ended, discovered the whereabouts in another state of an additional alibi witness who was at the same motel as the defendant on June 5, 1961, and that she would testify that the defendant was physically present at the said motel at the time of the purported robbery.

The defendant makes three assignments of error. He first claims that the verdict rendered by the jury is against the weight of the evidence. Where there is evidentiary basis for jury's verdict, the jury is free to discard or disbelieve facts inconsistent with its conclusion, since it is only when there is a complete absence of probative facts to support the conclusion reached that there is reversible error. State v. Milton, 85 Ariz. 69, 331 P.2d 846 (1958). We

find sufficient facts in this case to support the jury's verdict.

■ Defendant next cites the lower court's denial of his motion for a new trial as error. In this regard we need only discuss the alleged reason of newly discovered evidence for we have already held that the evidence did support the verdict. Inasmuch as the defendant knew the whereabouts of the alleged newly discovered witness before the end of the trial, if he wished to secure her testimony he should have asked for a continuance of the trial for that purpose. No mention was made of the alleged new witness for the defense until the motion for new trial was filed, and therefore the trial court did not err in denying the motion.

■ The defendant last assigns as error the sentence of twenty to thirty years in the state penitentiary, claiming that it was cruel and excessive. However, the record shows that this was the defendant's third conviction of a felony, and the defendant committed the robbery by means of threats with a deadly weapon. We are of the opinion there was no abuse of discretion in the sentence imposed by the trial court. Judgment affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concur.