382 P.2d 220

**STATE of Arizona, Appellee,**

v.

**Victor Joseph James BEATTY, Appellant.**

No. 1293.

Supreme Court of Arizona.

In Division.

May 29, 1963.

Robt. W. Pickrell, Atty. Gen., and Stirley Newell, Asst. Atty. Gen., for appellee.

Trew & Woodford by Reid R. Woodford, and Patrick E. Eldridge, Phoenix, for appellant.

UDALL, Vice Chief Justice.

Appellant was convicted of first degree burglary. He was defended by court appointed counsel. On the day of trial he asked for a continuance that he might procure other counsel. The court denied his request and from this denial he appeals.

The facts pertinent to our decision in this case are not complicated. An Information on the charge was filed December 11, 1961. Court appointed counsel was named at the arraignment by Superior Court. After two continuances the case came on for trial on February 13, 1962. Upon defense counsel's motion to dismiss the Information because the date of the alleged crime had not been entered on the Information it was dismissed with leave to refile.

A new Information was filed on February 13, 1962, and appellant gave the name

of his previously appointed counsel as his attorney. On February 27, 1962, the same counsel was again appointed attorney. The cause went to trial on April 17, 1962, approximately five months after the date of the alleged crime and the appellant's arrest by the police.

As the trial was about to proceed the defendant complained that he was unable to get his counsel to "go along with" him and that counsel had not been diligent in his handling of the case. He produced a letter dated some six weeks earlier to show that he could obtain money to hire his own attorney and wanted a continuance to do so. He offered no evidence and related no situations to back up his position as to his counsel's handling of the case other than that one "Connie" had not shown up at trial to testify. Counsel, on the other hand, informed the judge that he had made numerous visits to the appellant during appellant's incarceration in the county jail, that he had followed every lead given him by appellant, and that he had tried but failed to locate appellant's family. Also, counsel informed the judge that appellant had been able to give him only the nicknames of his prospective witnesses without any surnames. Appellant told his counsel of taverns where these people could be found. His counsel went to the taverns and asked for information but found none. One "Connie" telephoned him and promised to appear but refused to give his last name or his address. This witness failed to appear.

■ We have said with regard to a trial court's granting continuance:

"Continuances are, to a great extent, discretionary with the trial court, and an appellate tribunal will not review its action in this respect unless it clearly appears that the discretion has been abused." Everett v. State, 88 Ariz. 293, 295, 356 P.2d 394, 395 (1960).

See also State v. Lantz, 72 Ariz. 115, 231 P.2d 454 (1951); and Ariz.R.Crim.P., Rule 241, 17 A.R.S.

■ In State v. Graninger, 87 Ariz. 152, 348 P.2d 921 (1960) where two counsel were appointed and one became ill on the date of the trial the court directed the other to proceed with the case. Defendant complained on appeal that he had been forced to stand trial without counsel of his choice. We said:

"* * * Even if it be assumed that defendant was represented by counsel not of his own choosing, it clearly is evident that he was fully accorded his constitutional right to representation by counsel, and that it would not have been reversible error had the trial court refused to accede to the personal desires

of defendant in the matter. (cases cited.)" [1]

The facts indicate that appellant was adequately represented by the counsel assigned to handle his case.[2] For five months the same counsel had served the appellant and no complaint was lodged. Counsel had done no less than the appellant could have expected since the information given him by appellant was itself meager. Also, counsel was not responsible for the failure of "Connie's" appearances.[3]

We note, too, that appellant had the letter assuring him of funds to hire his own counsel for six weeks before he made any complaint in the handling of his case. All the circumstances taken together indicate that he had been adequately served by his court appointed counsel and that the trial court did not abuse its discretion in denying appellant a continuance.

Judgment affirmed.

BERNSTEIN, C. J., and JENNINGS, J., concur.

1. In United States v. Gutterman, Circuit Court of Appeals, Second Circuit, 147 F.2d 540, 157 A.L.R. 1221 (1945) it was held that if a defendant is unable to employ an attorney he must accept such counsel as the court assigns unless he can furnish a better reason for requiring a change than the fact the accused does not approve of counsel's judgment. The case at bar varies in that defendant alleged at the time he asked for other counsel that he could then hire his own attorney. However, we question the good faith of this allegation in that he found it necessary to allege poverty in bringing his appeal and had to have counsel appointed for him. At any rate, this is not significant in that this case turns upon other rules.

2. Adequate representation was given at the trial as well as before the trial. However, the wisdom of the trial judge's denial of appellant's motion for continuance must necessarily turn upon the facts as they existed at the time the motion was denied, i. e., before the trial was underway.

3. Appellant says he was "surprised" by "Connie's" failure to appear. He cites as authority for continuance State v. Walker, 83 Ariz. 350, 321 P.2d 1017 (1958) on the ground that there we held it is error not to allow additional time to prepare defense "[i]f at the trial defendant is surprised by the evidence and a sufficient showing is made thereof, and of his inability to meet the variance in proof * * *." In the principal case there is not sufficient showing of surprise. Furthermore, the record indicates that appellant was able to meet the variance in that it was proven at the trial in order to negate intent to steal that he had money of his own. This was all that the alleged "Connie" was going to be able to prove.