405 P.2d 885

**STATE** of Arizona, Appellee,

v.

George Frank BEARDEN, Appellant.

No. 1461.

Supreme Court of Arizona.

En Banc.

Sept. 29, 1965.

**2**

Robert W. Pickrell, Atty. Gen., by Sidney M. Rosen, Asst. Atty. Gen., for appellee.

Claude W. Olney, Phoenix, for appellant.

BERNSTEIN, Justice.

Appellant hereinafter called defendant appeals from a conviction of robbery alleging the verdict was contrary to the weight of the evidence. In accordance with our rule to view the evidence in the light most favorable to the state and resolve all reasonable inferences unfavorably to the defendant, State v. George, 95 Ariz. 366, 368, 390 P.2d 899, we find the facts to be as follows: On September 20, 1963, Salone and McBroom, the latter being defendant's cousin, entered the Mode O'Day Shop in Phoenix and asked Mrs. Snyder, the owner, if they could see some dresses. Within a few minutes defendant entered and said "Maybe she should try it on." Then he left but reentered a few minutes later and said "She'll be here in just a minute." He left again and Mrs. Snyder could see him standing outside the store looking through the window. Salone and McBroom grabbed and started beating Mrs. Snyder, then dragged her into a storeroom. They took money from her purse and the cash register and left. Shortly thereafter, police apprehended the three men and found the money hidden under the front seat of the automobile in which they were riding. In the police lineup, Mrs. Snyder positively

identified all three men. Salone was tried with defendant Bearden, but refused to take the stand. Defendant Bearden testified they were leaving for Minnesota that afternoon but admitted he only had $6.00 at the time. He was convicted of robbery as a principal pursuant to § 13–139 A.R.S. which states that:

> "All persons concerned in the commission of a crime * * * whether they directly commit the act constituting the offense, or aid and abet in its commission * * * are principals in any crime so committed."

Aiding and abetting means simply to assist in the commission of an act, either by active participation in it or in some manner advising or encouraging it. State v. Roberts, 85 Ariz. 252, 254, 336 P.2d 151. Aiding and abetting contemplates some positive act in aid of the commission of the offense; an active force physical or moral joined with that of the perpetrator in producing it. The aider or abettor must stand in the same relation to the crime as the criminal, approach it from the same angle, touch it at the same point and possess criminal intent. Dodd v. Boies, 88 Ariz. 401, 403, 357 P.2d 144.

Defendant contends the verdict is against the weight of the evidence. He points out that a jury may not return a verdict based upon surmise or guess, Hall v. Wallace, 59 Ariz. 503, 509, 130 P.2d 36, and argues that mere presence at the scene of a crime does not establish guilt. State v. George, above, 95 Ariz. at p. 368, 390 P.2d 899.

It is true that to warrant a conviction based solely upon circumstantial evidence, the evidence must not only be consistent with guilt, but inconsistent with every reasonable hypothesis of innocence. State v. Tigue, 95 Ariz. 45, 47, 386 P.2d 402. However, the jury chose to disbelieve defendant's account of being an innocent bystander and its decision concerning the weight and credibility of defendant's testimony is final. State v. Roberts, above, 85 Ariz. at p. 254, 336 P.2d 151.

We are only concerned with whether there is substantial evidence in support of the verdict. State v. Rivera, 94 Ariz. 45, 50, 381 P.2d 584. Reversible error occurs where there is a complete absence of probative facts to support the conclusion. State v. Mahan, 92 Ariz. 271, 272, 376 P.2d 132; State v. Milton, 85 Ariz. 69, 331 P.2d 846. When we consider whether the verdict is contrary to the evidence we do not decide whether we would reach the same conclusion as the jury. Rather, we decide whether there is competent evidence to support the conclusion found or, alternatively, whether the verdict was found without evidence from passion, prejudice or other improper motive. Quong Yu v. Territory of Arizona, 12 Ariz. 183, 186, 100 P. 462. Evidence is not insubstantial simply

because the testimony is conflicting or reasonable persons may draw different conclusions therefrom. Macias v. State, 39 Ariz. 303, 307, 6 P.2d 423. Substantial evidence means more than a scintilla and is such proof as a reasonable mind would employ to support the conclusion reached. Henzel v. Cameron, 228 Or. 452, 365 P.2d 498, 503. It is of a character which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed. Grange v. Finlay, 58 Wash.2d 528, 364 P.2d 234, 235. If reasonable men may fairly differ as to whether certain evidence establishes a fact in issue then such evidence must be considered as substantial. Smith v. Schumacker, 30 Cal.App.2d 251, 85 P.2d 967, 972; Davis v. Hartley, 69 N.M. 91, 364 P.2d 349, 351.

■ With these principles in mind, it is clear that the facts reasonably support the jury's finding of guilt beyond a reasonable doubt. The trip to Minnesota provided a motive for the robbery since the defendant was admittedly without sufficient money. Obviously, the jury thought he was the lookout for the other two. Moreover, he did not satisfactorily explain his remarks made in Mrs. Snyder's presence. Immediately after he said "She'll be here in just a minute" the other two men attacked Mrs. Snyder. The jury could have reasonably believed that defendant was referring to someone about to enter the store and gave

a prearranged signal for Salone and Mc-Broom to hurry. The verdict is not contrary to the evidence.

The conviction is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concurring.