414 P.2d 730

**STATE of Arizona, Appellee,**

**v.**

**Charles Wayne GEORGE and Raymond Walter Sargeant, Appellants.**

**No. 1518.**

Supreme Court of Arizona.

In Division.

May 25, 1966.

Darrell F. Smith, Atty. Gen., and Norman E. Green, Pima County Atty., by Carl Waag, Deputy County Atty., Tucson, for appellee.

Leslie J. Gilbertson, Tucson, for appellants.

UDALL, Justice.

Appellants, Charles W. George and Raymond W. Sargeant, hereinafter referred to as defendants, were tried and convicted of one count of robbery, two counts of first degree burglary, and wearing a mask to escape detection under applicable state statutes. From the verdict, judgment and sentence to the Arizona State Prison and from the denial of their motion for new trial, defendants appeal to this Court.

Counsel for the defendants stated, with respect to defendant Raymond W. Sargeant, that he has searched the record, including the transcript of testimony, and has been unable to find reversible error upon which an appeal may be taken. We have examined the record and transcript of testimony and find no error in regard to defendant Sargeant.

Therefore, the remainder of this decision pertains to defendant George, who presents a single question for review, to wit: whether the trial court abused its discretion by refusing him a continuance or new trial.

On February 8, 1964, Mr. and Mrs. Curtis A. Bell returned to their home in Tucson. They found the window in a sliding glass door broken and certain items had been taken from the premises.

On February 9, 1964, at approximately four A. M., the Bells were awakened by three persons who were wearing ladies stockings over their heads. The intruders were armed with pistols and asked for the receipts from the auction which the victims conducted every Friday evening. At first, the Bells denied the receipts were in the house stating that since the residence had been broken into the previous night they did not bring the money home.

There was testimony that one of the three perpetrators then said: "We know all about that last business." Thereafter, one of them went to the window and remarked: "Look, they haven't got the window fixed yet."

After searching for the money for a period of time, Mrs. Bell disclosed where the money was hidden. Other items, including a mink stole, contents of a strong box, and a wallet containing a driver's license and credit cards were taken.

The victims, after being shown certain pictures by the police department, identified the defendants as the persons involved in the crime. The defendants after being arrested were also identified by the Bells at the police station.

The police department, with proper warrants, proceeded to arrest the defendants where they were residing in Tucson. Many of the items taken from the Bell residence were found at the place of arrest and discovered in the bedrooms of both defendants.

At the preliminary hearing, defendant George was represented by an attorney and defendant Sargeant was represented by another attorney. It was mutually understood that George's attorney would only represent him at the preliminary hearing. Thereafter, an arrangement was made whereby one attorney would represent both defendants.

The above facts are undisputed and the alleged error occurred thereafter. Defendant contends that he asked his attorney to arrange for him to have another attorney appointed three days before trial because he believed there would be a conflict of interest at the trial. Defendant's attorney states that the request to withdraw was made in the morning of the trial. In either event, the trial judge was not informed of the defendant's request until the state had almost completed its case.

The trial court considered defendant's motion outside the presence of the jury and denied said motion, stating it was made too late and further that it was the opinion of the court that defendant's attorney had conducted a competent defense and found no conflict of interest.

■ Although the right to assistance of counsel in certain phases of a criminal prosecution is fundamental to due process of law, State v. Anderson, 96 Ariz. 123, 392 P.2d 784; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, the exercise of that right is subject to the requirements of sound judicial administration. State v. Beatty, 94 Ariz. 104, 382 P.2d 220.

■ As to the trial court granting a continuance, we stated in Everett v. State, 88 Ariz. 293, 295, 356 P.2d 394, 395 quoting from Hunter v. State, 43 Ariz. 269, 271, 30 P.2d 499, that:

" 'Continuances are, to a great extent, discretionary with the trial court, and an appellate tribunal will not review its action in this respect unless it clearly appears that the . discretion has been abused.' "

**354**

See also, State v. Wallace, 98 Ariz. 243, 403 P.2d 550; State v. Cassady, 67 Ariz. 48, 190 P.2d 501; Ariz.R.Crim.P., Rule 241, 17 A.R.S.

In State v. Beatty, supra, the defendant on the day of the trial asked for a continuance to afford him an opportunity to procure other counsel. This Court affirmed the trial court's denial of the continuance motion and found no abuse of discretion under the facts of that case.

In State v. Graninger, 87 Ariz. 152, 348 P.2d 921, the appellant alleged he had been required to stand trial without counsel of his choice. In that case two attorneys were appointed and one became ill on the date of the trial, and the trial court directed the other attorney to proceed with the matter. We said:

> "Even if it be assumed that defendant was represented by counsel not of his own choosing, it clearly is evident that he was fully accorded his constitutional right to representation by counsel, and that it would not have been reversible error had the trial court refused to accede to the personal desires of defendant in the matter."

The proceedings in the instant case demonstrate that defendant was adequately represented by counsel which he employed to handle his case. Defendant was arraigned on March 31, 1964 and the trial commenced on May 26, 1964. During this period the same attorney served both defendants and no complaint was lodged with the court. Defendant did not ask for a separate trial pursuant to Ariz.R.Crim.P., Rule 254, 17 A.R.S., until the trial was almost completed.

Likewise, defendant did not bring to the attention of the trial judge that he was dissatisfied with his attorney prior to this time. It is noted that counsel was not appointed by the court in this case, but was selected by the defendant. Defendant had a right to discharge his attorney, with the court's approval, at any time prior to the trial and hire other counsel. This does not mean, however, that defendant can wait until the prosecution presents its case and immediately dismiss his counsel and obtain a continuance. Such a rule would be disruptive of the court's business, delay justice and invite error. United States v. Mitchell, 138 F.2d 831 (2nd Cir. 1943).

Before a defendant is permitted to remove his counsel in the middle of a trial, there should be a showing of good cause. There is nothing in this case that could be considered good cause. It is defendant's contention that good cause was shown by the fact his attorney did not subpoena alibi witnesses on his behalf. The defendant, on the date of the trial, asked his attorney to subpoena certain witnesses who would testify to his where-

abouts on at least one of the nights the alleged crimes were committed. Counsel informed defendant that it was probably too late and went to the trial judge who confirmed his judgment. This ruling was based upon Ariz.R.Crim.P., Rule 192(B), 17 A.R.S., which requires notice of not less than five days prior to trial be given the clerk and served upon the county attorney when a defendant intends to offer testimony to establish an alibi. Defendant could have exercised his right of notice to call these witnesses prior to the day of the trial. The rule is reasonable and placed no undue hardship on defendant in this case.

The record also indicates the trial court permitted defendant to contact an attorney who appeared and sought a continuance during a recess of the trial. One witness appeared in the interim but her testimony was not prejudicial.

■ We cannot say the trial court abused its discretion, under these facts, in refusing to grant the defendant a continuance. We think it clear that where defendant has employed his own counsel, and does not object to this counsel until the state has almost completed its case, he may not indefinitely postpone trial by application for more time to seek representation. United States v. Arlen, 252 F. 2d 491 (2nd Cir.1958).

[9] Defendant relies heavily upon the case of Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, which held the accused in that case was entitled to the assistance of his own counsel. We find the Glasser case clearly distinguishable. In that case the trial court appointed an attorney already in the case to also defend Glasser prior to the commencement of the trial. The possibility of inconsistent interests of the co-defendants was shown the trial court, and it was shown that "Glasser wished the benefit of the undivided assistance of counsel of his own choice." None of these facts are present in the principal case. Defendant has failed to show any conflict of interest between himself and the other defendant represented by his attorney. See Lott v. United States, 218 F.2d 675 (5th Cir.1955). The defendants were identified as two of the persons responsible for the crimes; were arrested together and charged with the same crimes; and part of the stolen items were found in their possession.

The only conflict was that George desired to establish an alibi. The trial court considered this fact at the hearing for a motion for new trial. Had defendant made his desires known as to a severance and his intent to call alibi witnesses prior to the trial, the trial court, in its discretion, could have accommodated his request.

■ We will not disturb a trial court's denial of a motion for new trial unless it appears there has been an abuse of dis-

cretion. State v. Sorrell, 95 Ariz. 220, 388 P.2d 429; State v. Quintana, 92 Ariz. 267, 376 P.2d 130; State v. Turner, 92 Ariz. 214, 375 P.2d 567. We cannot say the trial court abused its discretion in refusing to grant a new trial in this case.

Judgment affirmed.

BERNSTEIN, V. C. J., and LOCKWOOD, J., concur.