440 P.2d 918

**The STATE of Arizona, Appellee,**

v.

**Bobby Ray DIXON, Appellant.**

**No. 2 CA–CR 111.**

Court of Appeals of Arizona.

May 13, 1968.

Rehearing Denied June 12, 1968.

Review Denied Sept. 17, 1968.

Darrell F. Smith, Atty. Gen., Phoenix, Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ralph E. Seefeldt, Tucson, for appellant.

HATHAWAY, Chief Judge.

Bobby Ray Dixon, convicted of possession of a forged instrument, a felony, and sentenced to prison for a term of not less than six years nor more than eight years, has appealed from the judgment and sentence. We are called upon to examine the sufficiency of the evidence to support the conviction, and to determine if the trial court abused its discretion in denying the defendant's motion for a new trial based upon newly discovered evidence.

Dixon was arrested in Tucson, Arizona, while accompanying two other individuals in a stolen vehicle. After the stolen vehicle had been detained, highway patrolman, James Gallery, arrived at the scene and assisted in the investigation. Patrolman Gallery arrested Dixon, searched him for weapons, handcuffed his hands behind him and took him in Gallery's patrol car to the Pima County Jail.

Approximately one week later, patrolman Gallery had occasion to place his hand on the seat of his patrol car which had been occupied by Dixon and a piece of paper slipped from the crevice at the junction between the seat and the back of the seat. The paper was a personalized check on the account of Mrs. Hulda Reichart and was made out to "Bobby R. Dixon," and was in the amount of $97.23. Mrs. Reichart testified that personalized check blanks had been stolen from her home. Mrs. Reichart's signature had been forged to the check, but

458

the forgery apparently was not in Dixon's handwriting.

It is Dixon's position that the statute under which he was convicted[1] requires that the following elements be proven, to wit:

(1) Possession, (2) of a forged instrument, (3) knowing it to be forged, (4) with intent to pass or permit it to be passed, (5) with intent to defraud someone.

Dixon contends that the State failed to prove possession, intent to pass the check, intent to defraud and knowledge that the check was forged.

█ Having reviewed the record, we are satisfied that the evidence is sufficient to sustain Dixon's conviction. Patrolman Gallery testified that while at the location where the defendant was arrested and taken into custody, no one other than the defendant got into the patrol car. He further testified that after the defendant was transported to the county jail and until approximately five days later when he discovered the forged check in the car, no one else had been in his patrol car, and when the car was left unattended it was secured by locking all the doors. We conclude that this testimony reasonably supports a conclusion that Dixon had possession of the check when he entered the patrol vehicle and left the check there upon his departure.

Cases coping with possession of forged checks are few. Therefore, we have gone to cases dealing with possession of stolen property for guidance. At the outset, we note a marked distinction between the two situations. Occasionally, but not always, stolen property will reveal, by its type, its stolen character. Generally, a forged check more openly proclaims its sham. The check here was an undisputed forgery, drawn to Dixon's order on the account of a' stranger who testified that her check blanks had been stolen. Further evidence of Dixon's mens rea may be drawn from the inference that the check was concealed in the seat crevice. Under the total circumstances, we conclude that the defendant's possession of the forged check defies plausible explanation other than possession with intent to defraud.

█ We hold that the possession by the defendant of a forged instrument requires only slight corroborative proof of other inculpatory circumstances in order to sustain a conviction. We deem the evidence sufficient to support the conviction. State v. Pederson, 102 Ariz. 60, 424 P.2d 810 (1967). It is not our function to decide what reasonable inferences can be drawn from the evidence; that is always left to the jury. State v. Green, 103 Ariz. 211, 439 P.2d 483 (filed April 3, 1968); State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965).

█ The defendant's other contention is that he was improperly denied a new trial under Rule 310, Rules of Criminal Procedure, 17 A.R.S.[2] The defendant's motion was based upon the affidavit of Orlando Johnson attached to the motion which recited sufficient incriminating evidence

---

1. A.R.S. § 13-423 (as amended):

"A. A person is guilty of a felony who:

"1. Has in his possession or receives from another person, a forged promissory note or bank bill, or bill for payment of money or property, with the intention to pass it, or to permit, cause or procure it to be uttered, or passed, with the intention to defraud any person, knowing it is forged or counterfeited."

2. Rule 310:

"The court shall grant a new trial if any of the following grounds is established:

\*  \*  \*  \*  \*

"3. That new and material evidence, which if introduced at the trial would probably have changed the verdict or the finding of the court, is discovered which the defendant could not with reasonable diligence have discovered and produced upon the trial."

against himself that, if believed by the jury, would probably have changed their verdict.

However, the record is devoid of any showing by the defendant of "reasonable diligence" in attempting to discover the above evidence. The defendant certainly knew of the existence of Orlando Johnson, since they were companions riding around together when arrested. The defendant presents no showing that he attempted to contact Johnson or Johnson's attorney and, therefore, that he exercised due diligence. Rule 310, Rules of Criminal Procedure, 17 A.R.S.; State v. Maloney, 101 Ariz. 111, 416 P.2d 544 (1966).

The judgment is affirmed.

MOLLOY, J., and LAWRENCE HOWARD, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge LAWRENCE HOWARD was called to sit in his stead and participate in the determination of this decision.