454 P.2d 991

**STATE of Arizona, Appellee,**

v.

**Lee Roy COLLINS and Robert L. Chipps, Appellants.**

**No. 1865.**

Supreme Court of Arizona.

In Division.

June 4, 1969.

Rehearing Denied July 8, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Vernon B. Croaff, Public Defender, Grant Laney, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

The appellants were both charged with robbery and after a trial by a jury were found guilty of that charge. The principal witness against them was an Arthur Haslip who testified that while he was walking to work at the railroad yards near 7th Street and the Southern Pacific Railroad crossing in Phoenix, Arizona, he was robbed by two men. He further testified that he was grabbed by the collar by one of the men and a pocket knife was pointed at him. He was compelled to give them the money he had in his pocket which was the sum of .35 or .40 cents. They looked at his billfold which was empty.

After the robbery the victim immediately went to his foreman and reported the occurrence. A police officer was summoned and Haslip gave him a description of the two men. An hour or so later the police officer saw two men answering that description just north of 2nd Street and Jefferson. He placed them under arrest for vagrancy and brought them back for identification by the victim. The two men identified by the victim that night were the appellants, Collins and Chipps. At the time of trial Haslip again identified the appellants as being the two men who robbed him.

In the opening brief appellants raised basically two questions: 1) Was there sufficient evidence to prove the appellants guilty beyond a reasonable doubt and was the verdict of the jury contrary to the law

or the weight of the evidence? 2) Were the constitutional rights of the appellants violated when they were brought to the victim for identification?

At the time of oral argument the appellants were permitted to file a memorandum and raise an additional point: Were the appellants deprived of a fair trial because they were both represented by the same counsel, and does a defendant have the right to decide whether he desires to be represented by his own separate counsel.

With regard to the first point raised we need but quote from State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965), where we said:

"It is true that to warrant a conviction based solely upon circumstantial evidence, the evidence must not only be consistent with guilt, but inconsistent with every reasonable hypothesis of innocence. State v. Tigue, 95 Ariz. 45, 47, 386 P.2d 402. However, the jury chose to disbelieve defendant's account of being an innocent bystander and its decision concerning the weight and credibility of defendant's testimony is final. State v. Roberts, above, 85 Ariz. 252, at p. 254, 336 P.2d 151.

We are only concerned with whether there is substantial evidence in support of the verdict. State v. Rivera, 94 Ariz. 45, 50, 381 P.2d 584. Reversible error occurs where there is a complete absence of probative facts to support the conclusion. State v. Mahan, 92 Ariz. 271, 272, 376 P.2d 132; State v. Milton, 85 Ariz. 69, 331 P.2d 846. When we consider whether the verdict is contrary to the evidence we do not decide whether we would reach the same conclusion as the jury. Rather, we decide whether there is competent evidence to support the conclusion found or, alternatively, whether the verdict was found without evidence from passion, prejudice or other improper motive. Quong Yu v. Territory of Arizona, 12 Ariz. 183, 186, 100 P. 462. Evidence is not insubstantial simply because the testimony is conflicting or reasonable persons may draw different conclusions therefrom. Macias v. State, 39 Ariz. 303, 307, 6 P.2d 423. Substantial evidence means more than a scintilla and is such proof as a reasonable mind would employ to support the conclusion reached. Henzel v. Cameron, 228 Or. 452, 365 P.2d 498, 503. It is of a character which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed. Grange v. Finlay, 58 Wash.2d 528, 364 P.2d 234, 235. If reasonable men may fairly differ as to whether certain evidence establishes a fact in issue then such evidence must be considered as substantial. Smith v. Schumacker, 30 Cal.App.2d 251, 85 P.2d 967, 972; Davis v. Hartley, 69 N.M. 91, 364 P.2d 349, 351." at page 3, 405 P.2d at p. 886.

The evidence as set forth in the statement of facts reveals that there is substantial evidence to support the verdict and it is not contrary to law.

On the second point, regarding the identification of the appellants by the victim following the robbery, we refer to State v. Dessureault, 104 Ariz. 380, 453 P.2d 951, (#1899 filed April 30, 1969), in which we engaged in a thorough discussion of Wade v. United States, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1966); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1966); and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1966). In State v. Dessureault, supra, 104 Ariz. at page 384, 453 P.2d at page 955, we said:

" * * * if the in-court identification is not challenged at the trial level, it will be presumed thereafter that prior identification procedures did not taint the in-court identification. This presumption we deem conclusive for the obvious reason that all litigation, even criminal, must end at some point. Matters which could have been determined by the mere asking, if not raised, will be deemed settled adversely to the accused."

 The in-court identification was not challenged at the trial level here, hence we shall presume that the prior identification did not taint the in-court identification.

The final point raised by appellants as to the representation of both defendants by the same public defender, has been covered by this court in State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966). At page 199 of the Arizona Reports (page 523 P. 2d), we find a compilation of late cases setting forth situations where there was, and was not, a conflict. One of these cases, Lugo v. United States, 350 F.2d 858, C.A. 9, (1965), sets forth language which is most applicable to the subject case:

"It is true that where one attorney represents two codefendants, a conflict of interest which denies one or both of the defendants the effective assistance of counsel is a distinct possibility. When such a conflict exists, the conviction cannot stand. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). On the other hand, absent a conflict of interest which interferes with the proper presentation of the defense of one of the codefendants the mere fact that both are represented by the same attorney is not grounds for reversal. Gonzales v. United States, 314 F.2d 750 (9th Cir. 1963). There has been no showing of any conflict of interest between Lugo and Santiago in this case, nor have we found any in our review of the record. Also nothing indicates that Rock failed to give Lugo's defense the attention it required.

All the cases cited to us by appellant involved obvious conflicts of interest, and while we cannot indulge in nice calculations about the amount of prejudice which results from a conflict of interest [Glasser, supra], neither can we create a conflict of interest out of mere conjecture as to what might have been shown." At page 859.

 Appellants in their additional memorandum raising this final question did not point out any true conflict of interest, nor does one appear from the record. Appellants received the effective assistance of counsel.

Affirmed.

STRUCKMEYER and McFARLAND, JJ., concur.