462 P.2d 87

**The STATE of Arizona, Appellee,**

v.

**George William PICKARD, Appellant.**

**No. 1956.**

Supreme Court of Arizona.

In Banc.

Dec. 8, 1969.

Rehearing Denied Jan. 13, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, former Public Defender, Ross P. Lee, Acting Public Defender, by Anne Kappes, Deputy Public Defender, for appellant.

UDALL, Chief Justice.

George Wm. Pickard, hereinafter referred to as the defendant, was charged in

a complaint with a co-defendant, James Buford Majors, with the robbery of one Gary Lee Jackson. The defendants being indigent, the Court appointed counsel to represent them in the preliminary hearing held September 2, 1966.

Both defendants were bound over on two charges of robbery. The information, filed on September 12, 1966, charged each defendant with two counts of robbery, and charged the defendant Pickard with two allegations of prior conviction and his co-defendant with one allegation of prior conviction.

At the arraignment, on September 15, 1966, the public defender was appointed to represent both defendants, each of whom entered a plea of "not guilty" and denied the charges of prior conviction.

At a hearing on December 19, 1966, each defendant entered a plea of guilty to Count I of the information, with the understanding that there would be a dismissal of Count II and a dismissal of all allegations of the prior convictions.

Upon the plea of "guilty" the Court, on January 11, 1967, sentenced defendant to the State Prison for a period of not less than 18 years or more than 20 years, to run from the date of sentence. From the judgment and sentence, the defendant has appealed. His co-defendant did not appeal from his sentence.

Defendant first contends that he was denied effective assistance of counsel when he was represented by the same court-appointed counsel as his co-defendant; that the Court did not ascertain that the defendant was aware of the risk of not being represented by separate counsel, and whether he knowingly chose to be represented by the same counsel as his co-defendant. It is argued that each defendant is entitled to representation by his own counsel without any possibility of conflict of interest between himself and his co-defendant. The defendant claims that the Court should have fully explained the dangers inherent to the defendant of having the same counsel as his co-defendant, although he does not contend that there was, in fact, any conflict in the interests of the defendant and his co-defendant in this case.

At the time of the change of plea the Court advised the defendant as follows:

"Gentlemen, would you mind standing so that I can question you, please * * *."

\* \* \* \* \* \*

"You have both discussed this matter with me. You both understand that the charge of robbery carries a sentence of imprisonment from five years to life?"

Defendant Pickard: "I understand."

Whereupon, defense counsel Zussman asked the defendant in open Court if any promises had been made to him or if there had been any threats, coercion, or duress which persuaded him to enter his plea of guilty, to which the defendant answered "No." Defense counsel also asked the question: "And you are making this plea voluntarily and independently, is that correct?" Defendant Pickard: "That's right." Defense counsel: "Mr. Pickard, how much schooling have you had?" Answer: "High School."

The defense counsel also asked "if the defendant realized that the Court would have access to all of the records, together with the presentencing probation report that will be made to the Court," to which the defendant answered, "Yes, sir."

Thereafter the Court stated:

"Very well. Now, Mr. Pickard, as to all of the explanation that Mr. Zussman has given in relation to this change of plea, will you state to the Court whether this is done willingly, with an understanding of all the nature and consequences of your change of plea, and without any promises or threats or coercion of any kind. Is that correct?

Defendant: "There was none of that. * * *."

The Court: "And do each of you—you are willingly and with full understanding of the nature and consequences of the change of plea?

Defendant: "Yes, sir."

The Court: "Do each of you understand that by reason of this change of plea, and the prior conviction allegations being dropped, that the Court is thereby relieved of the mandatory 10-year minimum sentence but that he may consider all the circumstances and that sentence may be more than ten years as a maximum. Each of you understand that?

Defendant: "Yes, sir."

&ast; &ast; &ast; &ast; &ast; &ast;

The Court: "Let the record show, then, that at the time of sentencing Count II of the Information will be dismissed &ast; &ast; &ast;. Let the record show that at this moment the prior allegations are dismissed."

Before the defendant would be entitled to a new trial, it would be necessary for him to show that error was committed, and that the error was such as to injure his cause. It would be necessary to show there was indeed a conflict of interest between himself and his co-defendants, and that by virtue of that conflict his own cause, in some way, was prejudiced. It also would be necessary he show that the question was raised before the trail court so that the Court would be given the opportunity to correct the error.

The defendant in this case was unable to show there was any conflict or prejudice; and the record is devoid of any showing on the part of the defendant that he raised the question of conflict before the trial court so that the court could have had the opportunity of correcting the error if any was made. We must conclude that the defendant is not entitled to a new trial. See, State v. Jelks, 105 Ariz., 175, 461 P.2d 473 (filed 11–19–69); State v. Collins, 104 Ariz. 449, 454 P.2d 991 (1969); and State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966).

The defendant's second and third assignments of error are presented together. In substance it is alleged that the defendant was not in fact advised of the consequences of his pleading guilty and was only asked whether he understood what these consequences were. And lastly it is claimed that the sentence of eighteen to twenty years, for one count of robbery, was excessive under the facts of this case.

It is very clear that both the defense attorney in open court, as well as the Court, fully advised the defendant of the consequences of his change of plea, and that he knowingly entered his plea of guilty. He was not an ignorant man and he was advised that the Court in the presentence investigation would have access to all of the records pertaining to his past criminal record. The crime of robbery is a most serious crime and in view of the defendant's previous record of convictions, this Court cannot say the sentence was excessive. Where a sentence is within the permissible statutory limits, it will not be modified or reduced on appeal unless it clearly appears excessive under the circumstances. State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969); State v. Bible, 104 Ariz. 346, 452 P.2d 700 (1969); State v. Fierro, 101 Ariz. 118, 416 P.2d 551 (1966).

It is plain the defendant was properly advised, both by his counsel and by the Court, and that he voluntarily entered his plea of guilty to Count I of the information. See State v. Jennings, 104 Ariz. 3, 448 P.2d 59 (1968).

We therefore hold that the trial court did not abuse its discretion in sentencing the defendant to a prison term of eighteen to twenty years.

The judgment is affirmed.

LOCKWOOD, V. C. J., and McFARLAND, STRUCKMEYER and HAYS, JJ., concur.