488 P.2d 998

**STATE of Arizona, Appellee,**

v.

**John Joseph BURNS, III, Appellant.**

**No. 1 CA–CR 332.**

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 29, 1971.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Garth Nelson, Yuma and Kennedy & Rhine, by Joseph Rhine, San Francisco, Cal., for appellant.

HAIRE, Judge.

Appellant, John Joseph Burns, III, appeals from a judgment of conviction of possession of marijuana, a felony, rendered after he changed his plea to guilty during trial. On appeal he raises the following questions: (1) Did the trial court abuse its discretion in refusing to grant appellant's motion for a continuance? (2) Was the quality of the representation provided appellant by appointed counsel so ineffective as to amount to a denial of appellant's constitutional right to counsel? (3) Was it error to permit the trial to proceed where appellant and his co-defendant were represented by the same appointed counsel? and (4) Was the sentence imposed excessive under the circumstances? Answering all of the above questions in the negative we affirm the conviction and sentence.

The pertinent facts are as follows. Appellant and John Thomas McGann, III were arrested on a charge of possession of marijuana. Commencing at the preliminary hearing before the justice of the peace, and continuing through the imposition of sentence in the superior court, appellant and his co-defendant were represented by appointed counsel. On April 23, 1970, two and one-half months before the scheduled trial date both defendants were released on bond and they returned to their homes in California. Appellant alleges that during this time they retained Mr. William Gamble, of Orange, California, to represent them at trial. The trial commenced as scheduled on July 14, 1970 with both defendants and their appointed Arizona counsel in attendance. However, Mr. Gamble was not present and had not at that time entered a formal appearance in the matter, nor was there anything in the record to indicate that he had undertaken to represent the defendants. Appointed counsel informed the court that Mr. Gamble was unable to appear due to a conflict with a murder trial that he was handling in California and asked for a continuance. The motion for a continuance was denied and the trial proceeded. The state opened by calling the arresting officer. The defense sought to suppress incriminating statements made by appellant during the arrest and a voluntariness hearing ·was

conducted. When the motion to suppress failed appellant changed his plea to guilty and the charges were dropped as to his co-defendant. The conviction resulted in appellant's being sentenced to the state prison for a term of not less than eighteen nor more than twenty-four months.

■ The test which an appellate court must apply in reviewing the denial of a motion for a continuance has been reiterated on numerous occasions by the Arizona Supreme Court:

"Continuances are, to a great extent, discretionary with the trial court, and an appellate tribunal will not review its action in this respect unless it clearly appears that the discretion has been abused."

Hunter v. State, 43 Ariz. 269, 271, 30 P. 2d 499 (1934); Everett v. State, 88 Ariz. 293, 295, 356 P.2d 394, 395 (1960); State v. Beatty, 94 Ariz. 104, 105, 382 P.2d 220, 221 (1963); State v. George, 100 Ariz. 350, 353, 414 P.2d 730, 732 (1966).

■ In State v. Beatty, *supra,* the Supreme Court found no abuse of discretion by the trial court on facts analogous to those presented here. In Beatty the defendant, also represented by appointed counsel, became dissatisfied with his attorney and requested a continuance to obtain other counsel on the day scheduled for trial. Further, in Beatty as here the allegation of abuse of discretion in denying the continuance was coupled with a claim that appointed counsel was so ineffective as to have deprived the defendant of his right to counsel. The Arizona Supreme Court treated the two issues as one and held:

"'* * * Even if it be assumed that defendant was represented by counsel not of his own choosing, it clearly is evident that he was fully accorded his constitutional right to representation by counsel, and that it would not have been reversible error had the trial court refused to accede to the personal desires of defendant in the matter. (cases cited.)'"

(Footnote omitted). 94 Ariz. at 105, 382 P.2d at 221.

This Court has carefully read the record of the proceedings below and we conclude that the defendant was at all stages of the proceeding competently represented by counsel. We specially note appellant's statement, made during the motion for continuance, that his entire defense would consist of testimony from himself and his co-defendant. Appellant's bare claim that California counsel had been retained but was unavoidably delayed does not support his claim that the trial court abused its discretion in denying the requested continuance.

■ The contention by appellant that it was error for appointed counsel to represent both himself and his co-defendant in a joint trial is likewise unsupported by the facts. This Court has recognized the settled rule in Arizona to be that "before a defendant is entitled to a new trial for reason of a conflict of interest between co-defendants, it is necessary to show 'there was indeed a conflict of interest between himself and his co-defendants, and that by virtue of that conflict *his own cause,* in some way, was prejudiced.'" State v. Miguel, 15 Ariz.App. 17, 19, 485 P.2d 841, 843 (1971). *See e.g.,* State v. Collins, 104 Ariz. 449, 454 P.2d 991 (1969); State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966). Compare State v. Coleman, 9 Ariz. App. 526, 454 P.2d 196 (1969). In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) the United States Supreme Court held that the admission into evidence of an extra-judicial confession of a non-testifying defendant that inculpates a co-defendant constitutes reversible error *as to the incriminated co-defendant.* The requirement of mandatory reversal was felt to be needed to preserve the co-defendant's sixth amendment right to confront and cross-examine witnesses. In the instant case the issue of the appellant's right to cross-examination does not arise because it was the appellant himself who made the incriminating admission. The real question in this case is whether

the fact that one attorney represented two co-defendants has infringed the appellant's sixth amendment right to assistance of effective counsel. That is, did the fact of joint representation in any way restrict the ability of counsel to fully protect the rights of the appellant. The touchstone of such a determination is whether under the facts of the case it appears that the co-defendants had conflicting interests. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); State v. Collins, 104 Ariz. 449, 454 P.2d 991 (1969). From a review of the facts presented we find that appellant suffered no prejudice from the joint representation. Appellant and his co-defendant had a joint interest in the suppression of the extra-judicial statement by appellant. When this failed, appellant's plea of guilty, even if possibly made with a secondary purpose of exculpating his co-defendant, speaks for itself. *See* United States v. Jones, 436 F.2d 971 (6th Cir.1971).

■ We have to this point considered and rejected each of the contentions raised by the defendant independently and upon its own merits, without reference to the fact that defendant ultimately entered a plea of guilty to the crime charged. Suffice it to say that the record does not support any claim which might have been raised that the circumstances alleged by defendant affected the voluntariness and knowledge exercised by defendant in entering his guilty plea. The record affirmatively discloses that the trial judge diligently and fully examined the defendant before accepting his plea. From a reading thereof there can be no question but that defendant's plea was voluntarily and intelligently entered.

■■ Lastly, appellant contends that the sentence imposed was excessive under the circumstances. While some persons may be repulsed by prison terms imposed for violations of "victimless" crimes, the Arizona legislature has determined that punishment for marijuana possession is a proper method to control the use thereof. We cannot say that such laws are violative

cruel and unusual punishment. Further, because appellant was on probation for a violation of the federal marijuana laws at the time of his arrest we believe that the sentence of eighteen months to two years of the eighth amendment proscription of was not excessive under the circumstances, State v. Pickard, 105 Ariz. 219, 462 P. 2d 87 (1969); State v. Bible, 104 Ariz. 346, 452 P.2d 700 (1969). We observe that the sentence was well within the ten year maximum permitted under A.R.S. § 36–1002.05, subsec. A.

The judgment is affirmed.

JACOBSON and EUBANK, JJ., concur.