604 P.2d 659

The STATE of Arizona, Appellee,

v.

Clyde ELZIE, Appellant.

No. 2 CA–CR 1786.

Court of Appeals of Arizona,
Division 2.

Nov. 9, 1979.

Rehearing Denied Dec. 19, 1979.

Review Denied Jan. 8, 1980.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Richard S. Oseran, Pima County Public Defender by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Pursuant to a plea agreement, appellant pled guilty to attempted theft of a motor vehicle and obtaining money by false pretenses. He was sentenced to concurrent terms of one to two and a half years on the motor vehicle charge and one to five years on the false pretense charge.

Appellant claims the sentences imposed were excessive. The sentences, however, are within the statutory limits, and as such, will not be disturbed absent a clear abuse of the trial court's sentencing discretion. *State v. Pickard,* 105 Ariz. 219, 462 P.2d 87 (1969). We see no such abuse of discretion here.

Appellant makes an argument that the sentencing court could have, under A.R.S. Sec. 13–606, arranged for civil commitment in this criminal matter. The trial court was not made aware of the possibility by appellant or defense counsel. In any case, the requirements for commitment under A.R.S. Sec. 13–606 were not met. Under that section, the trial court is authorized in criminal cases to proceed with the usual commitment procedures established in Chapter 5, Title 36. Under that chapter, court-ordered treatment is permitted by A.R.S. Sec. 36–

540 in three circumstances: (1) Where because of mental illness the individual is a danger to himself, (2) where he is a danger to others, or (3) "gravely disabled". There is no indication in the record that appellant is a danger to himself. In addition, after a Rule 11 examination, a mental health expert was of the opinion that appellant did not appear to be a danger to himself or to others. As for the third point, appellant is not gravely disabled since that condition is defined under A.R.S. Sec. 36–501(11) as a condition in which a person is "unable to provide for his basic physical needs such as food, clothing or shelter as a result of a mental disorder . . ." The sentences imposed were within the statutory limits and we see no abuse of discretion. The sentence is modified to show imprisonment rather than commitment to the Department of Corrections.

Affirmed as modified.

RICHMOND, C. J., and HATHAWAY, J., concur.