513 P.2d 934

**STATE of Arizona, Appellee,**

v.

**Delbert Norman WINTER, Appellant.**

**No. 2330.**

Supreme Court of Arizona,
In Division.

Aug. 20, 1973.

Rehearing Denied Sept. 25, 1973.

Gary K. Nelson, Atty. Gen. by Peter Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

Appellant appeals from a conviction for second degree murder entered by the Superior Court of Maricopa County. The only material issues raised are the instructions given the jury on second degree murder, malice and self-defense.

At the close of the testimony, the trial judge, counsel for the State and counsel for appellant discussed the instructions to be given to the jury. Counsel for appellant was given a copy of the proposed instructions regarding murder, manslaughter and self-defense and raised no objections at that time.

After the trial court gave the instructions in question, both counsel were asked if they had any objections and/or clarifications as to the instructions. Again, counsel for appellant registered no objection.

Upon deliberation, the jury returned a verdict of guilty of second degree murder. On January 5, 1971, appellant was sentenced to not less than 10 and not more than 15 years in the Arizona State Prison. This appeal followed.

We turn now to the substantive issues raised in this case. One fact is crystal-clear: counsel for appellant failed to object to the instructions given by the trial court. Where the trial court is not given an opportunity to correct an asserted error, the party claiming to be the victim of the erroneous instruction will be, absent fundamental error, deemed to have waived any objection thereto. State v. Wheeler,

108 Ariz. 338, 498 P.2d 205 (1972), and State v. Coward, 108 Ariz. 270, 496 P.2d 131 (1972).

 Finally, appellant claims that the trial court shifted the burden to him of proving his innocence rather than requiring the prosecution to prove guilt. At issue is the language of the instruction to the jury stating that the burden was on the appellant to prove circumstances of mitigation and justification. What appellant overlooks are the additional statements by the court emphasizing that the defendant never has the burden of proving innocence. Furthermore, a reading of the instructions as a whole indicates that no reversible error was committed.

The judgment of conviction and sentence are affirmed.

CAMERON, V. C. J., and DONOFRIO, Court of Appeals Judge, concur.

Note: FRANCIS J. DONOFRIO, Judge of the Court of Appeals, Division One, was called to sit in this matter.