519 P.2d 182

**STATE of Arizona, Appellee,**

v.

**Charlie Lee EVANS aka Charles Leslie Evans, Appellant.**

**No. 2676.**

Supreme Court of Arizona,
In Banc.
Feb. 27, 1974.

Gary K. Nelson, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

Rubin Salter, Jr., Tucson, for appellant.

STRUCKMEYER, Justice.

Charlie Lee Evans, also known as Charles Leslie Evans, appellant herein, was indicted on two counts of aggravated battery while armed with a gun, in violation of A.R.S. § 13–245, and one count of assault with a deadly weapon, in violation of A.R.S. § 13–249. He was convicted after a jury trial of assault with a deadly weapon and appeals. The appellant's single question raised is whether the court below properly admitted certain allegedly highly prejudicial evidence.

By A.R.S. § 13–245(A)(7), an assault or battery is aggravated when the person committing the offense knows that the victim is a peace officer, and by (C), the punishment is increased to a minimum of five years when committed by a person armed with a gun or other deadly weapon.

It was established that appellant, just prior to his arrest, was attempting to gain entrance to his cousin's home in which he, the appellant, had on occasions lived. An attempt to prevent the appellant from entering the house was made by the cousin's wife, which resulted in two police officers being summoned to the house. At this time, appellant produced a pistol and aimed it at one of the police officers. A fight resulted when the officers attempted to arrest appellant and this fight continued until the appellant was finally subdued and placed in the police patrol car after some three to five minutes. During this time, a crowd gathered in the street in front of the house, possibly from 100 to 150 people.

At the trial, appellant objected to any testimony as to what happened between the time when he dropped his gun and until he was finally subdued. The objection was overruled and evidence was admitted that after appellant dropped his gun the crowd was threatening toward the police officers, that someone fired a gun, admittedly not the appellant or the officers, that the officers feared they might be shot from the crowd, and that an attempt was made to run over the officers with an automobile as they were fighting with appellant in the street.

Appellant urges that the trial court erred in allowing the admission of testimony relating to these latter activities because they were not relevant to proving the charge against him and served only to arouse the prejudice and sympathy of the jury. However, we think that the evidence of the appellant's continued physical resistance to the officers until finally placed in the police car was relevant.

It should be remembered that the appellant was charged with two counts of aggravated battery. The batteries continued until the arrest was consummated and the struggle between the officers and appellant terminated. The evidence of what occurred was admissible on the principle that the complete story of the crime may be shown even though there is revealed other such prejudicial facts as that another or other criminal offenses have been committed. State v. Rivera, 103 Ariz. 458, 445 P. 2d 434 (1968); State v. Foggy, 101 Ariz. 459, 420 P.2d 934 (1966); State v. Villavicencio, 95 Ariz. 199, 388 P.2d 245 (1964). We have said that it is a familiar principle of law that crimes or conduct directly linked with the offense charged are relevant circumstances and therefore properly admitted in evidence. State v. Schroeder, 95 Ariz. 255, 389 P.2d 255 (1964).

We think the complete story of what occurred was properly told to the jury.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.