519 P.2d 47

**STATE of Arizona, Appellee,**

v.

**Paul Eric DOTY, Larry Dean Feldman and John A. Cox, Appellants.**

**No. 2563.**

Supreme Court of Arizona,
In Banc.

Feb. 28, 1974.

Gary K. Nelson, Atty. Gen. by Peter Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Benjamin Lazarow, Tucson, for appellants.

HOLOHAN, Justice.

The defendants, Paul Eric Doty, Larry Dean Feldman and John A. Cox, were jointly tried and convicted of unlawfully offering to sell marijuana in violation of A.R.S. § 36–1002.07A. Imposition of sentence was suspended as to each defendant, and they were placed on probation for a period of five years.

By this appeal the defendants raise three issues: (1) the sufficiency of the evidence for conviction; (2) the sufficiency of the evidence to establish a relationship among the defendants; and (3) whether there

was compliance with the trial court's order to supply defendants with certain information.

The evidence presented at trial shows that on September 21, 1970, Undercover Narcotics Agent Jerry Kennedy drove Earl Griffin Hamrick and a John Grass to the 4500 block of Valencia Road, south of Tucson. At approximately 6:00 p. m., Agent Kennedy stopped his vehicle and a red Chevrolet with two males attired in Western clothes approached his location. The two males were defendants Feldman and Cox. Hamrick asked them, "Where is the stuff?" to which Feldman replied, "They're bringing it across. It should be here shortly." Within a short period of time a 1964 Pontiac arrived carrying defendant Doty and a Ron Meagher. Agent Kennedy drove his vehicle to a position near that of the Pontiac and opened the trunk of his vehicle. Thereafter, defendant Cox opened the trunk of the Pontiac, and Agent Kennedy saw that there were three burlap bags in the trunk which appeared to contain bricks of marijuana. In fact, there were over 50 kilos of marijuana in the gunny sacks. The sacks were loaded into Kennedy's car, and he was then asked by Cox, "Where is the money?" At that time Kennedy drew his gun and placed the defendants under arrest.

Prior to the meeting with Kennedy, Earl Hamrick and Ron Meagher had had a conversation at which the defendants at one time or the other were present. The trial court sustained the objections by the defense to the State's questions seeking to have the witness Earl Hamrick relate the conversation held with Meagher. Hamrick testified that after he left the meeting with the defendants and Meagher he contacted Agent Kennedy. Hamrick saw that Kennedy carried several thousand dollars. Hamrick admitted on cross-examination by the defense that he had made an arrangement with the State to plead guilty to a charge of possession of marijuana in return for his testimony and reduction of the charge of offering to sell marijuana to the lesser charge.

■ The first two issues raised by the defendants are essentially one, that is, whether the evidence was sufficient to convict each of the defendants of the offense of unlawfully offering to sell marijuana. The defense correctly points out that the evidence as to each defendant must be sufficient to convict that defendant of the charge. The defense contends that the evidence totally fails to show any consort of action or intent by the defendants to commit an offense.

In reviewing the sufficiency of evidence in a criminal case, this Court stated in State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965):

"We are only concerned with whether there is substantial evidence in support of the verdict. State v. Rivera, 94 Ariz. 45, 50, 381 P.2d 584. Reversible error occurs where there is a complete absence of probative facts to support the conclusion. State v. Mahan, 92 Ariz. 271, 272, 376 P.2d 132; State v. Milton, 85 Ariz. 69, 331 P.2d 846. * * * Evidence is not insubstantial simply because the testimony is conflicting or reasonable persons may draw different conclusions therefrom. Macias v. State, 39 Ariz. 303, 307, 6 P.2d 423." 99 Ariz. at 3–4, 405 P.2d at 886.

■ Under the criminal code, A.R.S. § 13–139, all persons concerned with the commission of crime are principals, whether or not they directly commit the act. It was the State's theory that all the defendants associated themselves in the enterprise. Since there was no direct testimony of what the defendants said or agreed to prior to Agent Kennedy's arrival, we must look to the circumstances and what the defendants did. The evidence at trial showed that the defendants met, had conversations, and left. Within a matter of hours the defendants all meet again at the same location in the desert and take part in the transfer of 50 kilos of marijuana from an automobile driven to the scene by two of the defendants to the automobile of Agent Kennedy. The conversations which

took place at the scene support the conclusion that the defendants whom Agent Kennedy first met at the scene were expecting him, and they were expecting another vehicle which would have the "stuff." When the second vehicle arrived, the transfer of the marijuana took place, and one of the defendants asked for the money.

■ The reasonable inferences to be drawn from the evidence support the conclusion of the jury that the defendants, and each of them, had taken part in the criminal transaction of offering to sell marijuana.

The defendants contend in their last point that the State failed to produce certain information which the trial court had ordered produced. Specifically, the defense urges that it was error for the State not to produce for inspection the report made by Agent Kennedy concerning the facts of the investigation.

The order of the trial court for inspection provided so far as material to the question at issue:

"5. All written statements now in the possession of the County Attorney's office or in the possession of any law enforcement agency that the County Attorney's office has knowledge of, by any defendant named in the indictment, or any witnesses the County Attorney intends to call.

"6. Any and all oral statements made by the informer or by any defendant herein indicating the time and place and who was present when said oral statements were made."

In response to the order the County Attorney responded:

"5. There are no written statements of witnesses in the possession of the County Attorney or any law enforcement agency.

"6. There are no oral statements by defendants other than what was stated during the course of events constituting the charge.

\*　　\*　　\*　　\*　　\*　　\*

"8. There are no recorded statements by any law enforcement officer."

The defendants urge that the County Attorney, under the court's order, was required to furnish for inspection the investigating officer's report or at least those portions of it which dealt with statements made by any of the defendants in the course of the alleged criminal transaction. On the other hand, the State argues that the trial court's order should not be construed as broadly as contended by the defense.

■ Prior to the adoption of the 1973 Rules of Criminal Procedure discovery of investigative reports by law enforcement officers had been denied in a number of cases. See State v. Wallace, 97 Ariz. 296, 399 P.2d 909 (1965); State v. Superior Court, 99 Ariz. 382, 409 P.2d 547 (1966); State ex rel. Corbin v. Superior Court, 103 Ariz. 465, 445 P.2d 441 (1968). There is no reason to suppose that the trial court would order the production of an investigative report when the rulings of this Court had foreclosed discovery of such reports. In our view, the construction by the State that the order of the trial court was not meant to apply to the investigative reports by law enforcement officers, under the Rules of Criminal Procedure in effect at that time, is the correct one.

■ When Agent Kennedy testified at trial that he had refreshed his memory by reading the report, the defense counsel for the defendants was allowed to read the report before continuing his cross-examination. The procedure followed by the trial court was in harmony with the past rulings of this Court that when a law enforcement officer testifies that he has used the report to refresh his memory that the defense may examine the report for purposes of impeachment. State v. Wallace, *supra*; State v. Superior Court, *supra*.

The judgment of conviction as to each of the defendants is affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.