528 P.2d 829
**STATE of Arizona, Appellee,**

v.

**Eddie Jay COLLINS, Appellant.**

**No. 2838.**

Supreme Court of Arizona,
In Banc.

Nov. 29, 1974.
Rehearing Denied Jan. 8, 1975.

**304**

Gary K. Nelson, Former Atty. Gen., N. Warner Lee, Atty. Gen., by Shirley H. Frondorf, Asst. Atty. Gen., Phoenix, for appellee.

Howard A. Kashman, Tucson, for appellant.

HOLOHAN, Justice.

Eddie Jay Collins was tried and convicted after a trial by jury of the crimes of armed robbery, A.R.S. §§ 13-641 and 13-643, and felony-murder, A.R.S. §§ 13-451, 13-452 and 13-453. The defendant was sentenced to a term of 40 to 50 years for the armed robbery and to life imprisonment for the murder. A timely appeal was filed raising the following issues:

1. Was it error to admit testimony that tended to show that defendant was a drug addict?

2. Did the trial court err in failing to instruct the jury that it must find separately that defendant committed each crime charged in the indictment?

3. Did the trial court err in refusing to instruct the jury that the U. S. and Arizona Constitutions give each citizen the privilege to own and bear arms?

4. Did the trial court err in instructing the jury that it was no defense that one or more persons not on trial might have participated in the crime charged?

5. Did sentencing for both felony-murder and robbery constitute double punishment?

6. Was defendant's sentence excessive?

The facts, taken in a light most favorable to sustain the verdict, State v. Jacobs, 110 Ariz. 151, 515 P.2d 1171 (1973), are as follows:

Terry Brentwood Young was killed by a shot from a gun fired by John Lee Collins, the defendant's younger brother. The defendant and John Lee Collins were in an apartment in Tucson when the victim and his wife arrived to purchase heroin from Dwana Jones. After the purchase, the victim and his wife walked out to their car which was in the parking lot. The defendant and his brother followed and an argu-

ment took place between the victim, the defendant, and his brother. There was testimony that the defendant and his brother both said "Give me the dope." When the victim was hit by the defendant, the victim's wife stuck her arm out the window of the car and handed the defendant the packet of heroin. A few seconds later the fatal shot was fired by defendant's brother, John Collins.

It is defendant's first contention that statements made by the prosecution and testimony of a witness, both of which tended to show that defendant was a heroin addict, were prejudicial. The prosecutor, during the voir dire, asked the jury if they would be prejudiced against the defendant if it were shown that he was at one time addicted to heroin. Dwana Jones, the person who sold heroin to the victim and his wife, testified, over defendant's objection, that the defendant regularly used heroin.

We have held many times that evidence of prior bad acts of a defendant is generally inadmissible. State v. Petralia, Jr., 110 Ariz. 530, 521 P.2d 617 (1974); State v. Tostado, Ariz., 523 P.2d 795 (1974). However, evidence of another offense which tends to prove a motive for the present offense is admissible. State v. Schmid, 109 Ariz. 349, 509 P.2d 619 (1973); State v. Kelly, Ariz., 526 P.2d 720 (1974). In this case we believe defendant's addiction to the use of heroin was relevant to his motive for the theft of the drug from the victim. Defendant argues that the testimony of Dwana Jones is inconsistent with a motive of robbery. It is pointed out that Dwana Jones testified that she had sold the defendant heroin the same day and when asked if she would have sold or given him more if he had asked for it, she responded:

"A Yes. I would have sold it to him; give it to him too.

"Q In the past you have given it to him —

"A Yes.

"Q —when he didn't have money.
. . . "

However the defendant testified that he was addicted to the use of heroin. He stated that he had never asked Dwana to give him drugs but she gave them to him because she was stealing them from her father. He also testified that his addiction required about $200 worth of drugs a day and that he had only used $40 worth at the time of the shooting. Defendant had no regular employment and said that when he wanted something he stole it. He did testify that the one paper of heroin the victim had would mean nothing to him.

The testimony and statement objected to was relevant to establish motive. There was nothing in the evidence showing that defendant had access to all the heroin he needed to support his habit. Proof of a motive will not be excluded merely because another crime is brought to the attention of the jury. The testimony and statement objected to had a bearing on defendant's motive and were not prejudicial.

Another exception to the general rule is that evidence of another offense, misconduct or prior bad acts is admissible to prove the complete story of the crime even though there is revealed other prejudicial facts, such as the defendant has committed other criminal offenses or misconduct. State v. Villavicencio, 95 Ariz. 199, 388 P.2d 245 (1964); State v. Hutton, 109 Ariz. 356, 509 P.2d 626 (1973); State v. Evans, 110 Ariz. 380, 519 P.2d 182 (1974); State v. Tostado, *supra.* To eliminate appellant's use of heroin from the evidence would deprive the jury of the complete story of all of the surrounding circumstances. In light of the foregoing, we find the admission of evidence as to defendant's heroin addiction and the prosecution's statement were not error.

Defendant's next contention is that the trial court erred in failing to give a requested instruction that the jury must find separately that defendant committed each crime charged in the indictment.

Defendant was charged with murder in violation of A.R.S. §§ 13–451, 13–452 and 13–453, and robbery in violation of A.R.S.

§§ 13–641 and 13–643. The trial court refused to give the following instruction requested by defendant:

"Each count set forth in the Indictment charges a separate and different offense. You must consider the evidence applicable to each alleged offense as though it were the only accusation before you for consideration, and you must state your finding as to each count in a separate verdict, uninfluenced by the mere fact that your verdict as to any other count or counts is in favor of, or against the defendant. The defendant may be convicted or acquitted upon any or all of the offenses charged, depending upon the evidence and weight you give to it, under the court's instructions."

The defendant objected to the court's refusal on the grounds that the jurors should have been specifically advised of their ability to make findings on the separate charges in the indictments.

The defendant argues that, as the jury may return inconsistent verdicts, it would have been valid for the jury to return a verdict of guilty to the robbery charge and of guilty to voluntary or involuntary manslaughter (a lesser included charge in the murder count). It is further argued that by failing to give the requested instruction, the jury was not adequately informed. We do not agree.

The trial court instructed the jury on manslaughter since defendant had relied on the theory of an accident. He also instructed on robbery and first degree felony-murder. From such instruction, the jury was informed that if they believed a robbery had been committed or attempted and a human being had been killed in the perpetration of or attempt to perpetrate such robbery, that they should find the defendant guilty of first degree murder. The trial judge has the duty to instruct the jury upon the law relating to the facts of the case. State v. Evans, 109 Ariz. 491, 512 P.2d 1225 (1973). State v. Gamble, Ariz., 523 P.2d 53 (1974).

A.R.S. § 13–451 provides that murder which is committed in the perpetration of, or attempt to perpetrate robbery, is murder of the first degree. Having found the defendant guilty of robbery, they could not then find the defendant guilty of an inferior degree of homicide. The trial court did not err in refusing to give the requested instruction.

After the jury retired, but before they reached a verdict, they sent the trial court a written question which asked whether the defendant, if convicted of robbery, could be convicted of voluntary or involuntary manslaughter. The trial court returned the question answered in the negative. The trial court's answer to the jury's question was a correct statement of the law and the refusal to give the requested instructions was not error.

The next issue raised by appellant is the claim that the trial court erred in refusing to give the following instruction:

"The constitutions of the United States and of the State of Arizona grant the privilege to all citizens to own and bear arms."

Defendant contends that this instruction was necessary because the codefendant, John Collins, was carrying a gun.

Requested instructions should be predicated on some theory of the case. State v. McIntyre, 106 Ariz. 439, 477 P.2d 529 (1970). The trial of the defendant and codefendant had been severed. The issue of whether the codefendant had a right to carry a gun was not before the court. The requested instruction contained an abstract proposition of law inapplicable to the issues in this case. We find no error in the trial court's refusal to give the requested instruction. State v. Willits, 96 Ariz. 184, 393 P.2d 274 (1964).

Defendant's fourth contention is that the trial court erred in giving the following instruction:

"It is no defense to the crime charged against the defendant in this case that one or more other persons not now on trial might also have participated or co-operated in the crime thus charged. The jury is not to speculate upon or even to consider the reasons for the absence from the courtroom of such other persons, if any, as the only matter before you for decision is the guilt or innocence of this particular defendant."

Defendant suggests that the instruction is irrelevant as the appellant had not relied on the defense that a co-participant was not on trial. He contends that such a defense could only arise when the co-participant had not been charged with the crime.

From the evidence, it was obvious that another person committed the physical act of murder and that such person was an accomplice in the robbery. The instruction was proper in that it instructed the jury to consider only the guilt or innocence of defendant, and not to speculate as to why the codefendant was not on trial.

As his next question on appeal, defendant argues that the case requires reversal because the sentence for both a felony-murder and for the underlying felony, robbery, constitute double punishment.

A.R.S. § 13-1641 protects a person from double punishment when a single act violates more than one statute. In State v. Howes, 109 Ariz. 255, 508 P.2d 331 (1973), we held that the conviction for robbery and first degree murder did not constitute double punishment under the statute. However, defendant maintains that, as he did not shoot the victim, his only relation to the murder was on a theory of vicarious responsibility. He argues that this responsibility arises because of the robbery. He asserts that he is being punished for the robbery and then once again for the robbery because the murder was a consequence of the robbery.

A.R.S. § 13-139 has eliminated the common-law distinction between the actual actor as perpetrator of a crime and one who was present and aided and abetted in the crime. State v. Church, 109 Ariz. 39, 504 P.2d 940 (1973). The actions of John Collins, defendant's brother, during the commission of the robbery and the murder were the acts of the defendant. In State v. Doty, 110 Ariz. 348, 519 P.2d 47 (1974) this Court stated:

"Under the criminal code, A.R.S. § 13-139, all persons concerned with the commission of crime are principals, whether or not they directly commit the act." 110 Ariz. at 349, 519 P.2d at 48.

The defendant and John Collins had taken part in the robbery in which John Collins was armed. The killing was part of a chain of events which the defendant's deliberate acts in perpetrating the robbery had set in motion and was a risk reasonably to be foreseen. The Supreme Court of California, in People v. Washington, 62 Cal.2d 777, 402 P.2d 130 (1965), held:

"A defendant need not do the killing himself, however, to be guilty of murder. He may be vicariously responsible under the rules defining principals and criminal conspiracies. All persons aiding and abetting the commission of a robbery are guilty of first degree murder when one of them kills while acting in furtherance of the common design. (People v. Boss, 210 Cal. 245, 249, 290 P. 881; People v. Kauffman, 152 Cal. 331, 334, 92 P. 861.) Moreover, when the defendant intends to kill or intentionally commits acts that are likely to kill with a conscious disregard for life, he is guilty of murder even though he uses another person to accomplish his objective." (citations omitted) 402 P.2d at 133.

All who participate in the commission of a crime are equally guilty as principals. John Collins could be punished for both robbery and felony-murder. It

follows that the defendant can also be punished for both offenses.

Defendant's final argument is that his sentence for robbery was excessive. John Collins, the codefendant, pled guilty to the charges of robbery and second-degree murder and was sentenced to a term of 15 to 20 years on each charge, the sentences to run concurrently. Defendant was sentenced to a term of 40 to 50 years on the charge of robbery. Defendant contends that the great disparity in the sentences constitutes a clear abuse of discretion when the degree of participation is considered. It is asserted that because John Collins actually committed the murder, his participation was greater than the defendant's and this should be balanced against the difference in prior criminal records.

■ While it is true that the defendant was not the actual perpetrator of the murder, there is a difference in the background of the defendant and the codefendant which merits a difference in their sentences. The codefendant was a juvenile at the time of the offense and was transferred to an adult court for prosecution. Defendant was an adult and the older brother of the codefendant. He has a prior record and was on parole when the offense occurred.

Discretion is vested in the trial court to determine the proper sentence to be imposed. State v. Ortiz, 104 Ariz. 493, 455 P.2d 971 (1969). We have repeatedly held that the trial judge is in the best position to evaluate the defendant's crime in light of the facts of the case and the defendant's background and character. State v. Mathis, 110 Ariz. 254, 517 P.2d 1250 (1974). The sentence was within the statutory limits. We have examined the record on appeal and can find no abuse of the trial court's discretion.

Judgment and sentence are affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.