560 P.2d 1262

The STATE of Arizona, Appellee,

v.

Bradley James WALLEN, Appellant.

No. 1 CA-CR 1781.

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 13, 1977.

Rehearing Denied Feb. 25, 1977.

Review Denied March 15, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Georgia Butcher Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Paul J. Prato, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Judge.

The appellant/defendant Bradley James Wallen was convicted after a jury trial of the charge of attempted rape. The defendant was placed on probation for seven years and as a condition of probation he was ordered to serve six months in the Maricopa County Jail. Defendant brings this appeal from the judgment and sentence and raises six issues:

1. Did the court err in excluding partial testimony from a psychiatrist relative to certain statements made to him by the defendant concerning alleged sexual overtures made to the defendant by the victim?

2. Was there sufficient evidence to support the conviction of attempted rape?

3. Did the trial court erroneously comment on the evidence?

4. Was there a violation of the "speedy trial" requirements of 17 ARS Rules of Criminal Procedure, rule 8?

5. Did the court err in ruling the state could attempt to rehabilitate a witness if her testimony was impeached during cross-examination?

6. Did the state make timely and complete disclosure pursuant to 17 ARS Rules of Criminal Procedure, rule 15?

### EXCLUSION OF PSYCHIATRIST'S TESTIMONY

The defendant relied on the defense of insanity and in support of this defense called a psychiatrist, Dr. Otto L. Bendheim. The defendant claims the court erred in preventing the psychiatrist from testifying about certain statements made to him by the defendant, describing how certain alleged sexual overtures by the victim provoked him into the sexual assault.

The state concedes that where insanity is raised as a defense, a psychiatrist may testify as to the matters taken into consideration in reaching his conclusions regard-

ing the defendant's sanity. *State v. Griffin,* 99 Ariz. 43, 406 P.2d 397 (1965). See *State v. Clark,* 112 Ariz. 493, 543 P.2d 1122 (1975). The state argues that the general rule enunciated by *Griffin* does not, however, give a defendant full rein to introduce any and all self-serving statements made by him to a psychiatrist under the guise of informing the jury of the basis for the psychiatrist's opinion. The defendant did not take the stand to testify and never raised consent as a defense to the charge. Although the record is not clear, it appears the trial court believed such testimony would be relevant to a defense of consent but that such testimony under the particular facts of this case was not relevant to the defense of insanity.

The substance of the proposed testimony which was excluded was presented to the court by defense counsel in the following manner:

[Defense Counsel]: The defendant at some point describes, I think, an incident between . . . maybe more than one incident between himself and the victim that, well, she made sexual overtures to him. Like, I think there was a conversation about her asking him whether or not he had a girlfriend or whether or not he thought about making a baby, something along this line, and its part and partial of what provoked the situation.

■ A review of the record convinces us that defendant's presentation of his insanity defense was not materially affected by the court's ruling which prevented the introduction of these particular statements. It appears Dr. Bendheim testified fully relative to defendant's behavior and his diagnosis. We find any error committed by the trial court in the exclusion of such testimony under the particular facts of this case to be harmless beyond a reasonable doubt. *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *State v. Domme,* 111 Ariz. 464, 532 P.2d 526 (1975).

## SUFFICIENCY OF EVIDENCE

Defendant argues that the evidence indicates that the state made out a case for the crime of assault with intent to commit rape but the facts do not support the charge of attempted rape. Defendant reasons that the evidence did not establish the existence of any intervening cause which prevented the consummation of the crime of rape and therefore there can be no valid conviction for the crime of attempted rape.

■ The crime of criminal attempt (ARS § 13–108) consists of an intent to commit the crime and some overt act toward its commission. *State v. Harvill,* 106 Ariz. 386, 476 P.2d 841 (1970); *State v. Vitale,* 23 Ariz.App. 37, 530 P.2d 394 (1975).

■ The defendant had exposed himself to the victim and was struggling with her on the floor when he decided not to complete the act of rape. It appears there was sufficient evidence of the attempt and the jury could have reasonably determined that the rape would have been completed had not the victim's mother come to the victim's rescue by attempting to beat him away from her daughter. The victim's mother also notified the defendant that she had called the police. Neither the jury nor this court can lay the defendant's intent on a table for examination; however, it appears there was sufficient evidence for the jury to determine that the defendant would have raped the victim but for the intervening acts of the victim's mother and the resistance made by the victim.

■ In our opinion, the facts would support a conviction for a charge of assault with intent to commit rape (ARS § 13–252) as well as the attempted rape charge made in this case. We find no error since an act or omission which is made punishable in different ways by different sections of the laws may be punished under either. ARS § 13–1641; *State v. Culver,* 103 Ariz. 505, 446 P.2d 234 (1968); *State v. Ulmer,* 21 Ariz.App. 378, 519 P.2d 867 (1974).

## COMMENT ON THE EVIDENCE

It appears the trial court inadvertently misread an instruction bearing upon the

intent issue. The pertinent part of the challenged instruction was submitted to read:

> You may determine that the defendant intended to do the act if he did it voluntarily.

The trial judge gave it as follows:

> You must determine that the defendant intentionally—that the defendant intended to do the act if he did it voluntarily.

■ The defendant argues that the court commented on the evidence when he directed the jury that they "must" find that the defendant intended to do the act if he did it voluntarily. The court in instructions may not discuss certain inferences which may or may not be drawn from the evidence and instruct the jury as to which inferences they should adopt. See ARS Const. Art. 6, § 27; *Reid v. Topper*, 32 Ariz. 381, 259 P. 397 (1927).

■ The state argues that the jury was properly instructed regarding the element of specific intent and that when the instructions were viewed as a whole this one misstatement in one instruction does not require a reversal. *State v. Richardson*, 110 Ariz. 48, 514 P.2d 1236 (1973), cert. denied, 415 U.S. 929, 94 S.Ct. 1439, 39 L.Ed.2d 487 (1974).

■ It should be noted that the defendant never objected to this instruction at the time it was read to the jury and never asked that it be corrected although the trial court inquired of counsel if there were any additions or corrections to the instructions as given by the court. The trial court should always be given the first opportunity to correct any asserted error. *State v. Winter*, 109 Ariz. 505, 513 P.2d 934 (1973). We see no reasonable probability that the jury verdict would have been different because the trial judge made this misstatement in one instruction. See *State v. Johnson*, 99 Ariz. 52, 406 P.2d 403 (1965); *State v. Rubino*, 23 Ariz.App. 143, 531 P.2d 188 (1975).

In our opinion, under these specific facts, there is no reversible error since the defendant failed to object to the court's misstatement and since the other instructions taken as a whole correctly set forth the law.

## VIOLATION OF SPEEDY TRIAL

On December 9, 1975, the last day for the trial to begin in compliance with 17 ARS Rules of Criminal Procedure, rule 8, the jury was impaneled by Judge Edward C. Rapp. On December 10, 1975, the case was transferred to Judge L. H. Doyle who presided during the remainder of the case.

Defendant argues that he was entitled to have the same judge preside throughout the trial and that it was error to permit Judge Rapp to impanel the jury on the "last day" in an attempt to comply with the speedy trial provisions of rule 8.

■ We do not believe it is good practice for a substitute judge to enter a case after proceedings have begun. This practice should not be followed except under extraordinary circumstances and only where the substitute judge becomes completely familiar with the entire case. *State v. Jones*, 6 Ariz.App. 26, 429 P.2d 518 (1967); *State v. McCray*, 189 Iowa 1239, 179 N.W. 627 (1920). In this case it appears this was a last day case under rule 8 and that because of a jammed criminal calendar this was the only way the defendant's trial could be started on time. We find no violation of rule 8. See *State v. Ceja*, 113 Ariz. 39, 546 P.2d 6 (1976).

■ The serious problem presented in this issue is the change of judge. From our review of the record it appears that Judge Doyle proceeded with the trial the next day after Judge Rapp had impaneled the jury and that Judge Doyle took all the testimony and was completely familiar with the case. The defendant has not shown any prejudice except for the fact that since his trial commenced within the appropriate time limits his argument of a speedy trial violation was weakened. We find no reversible error.

## DID COURT ERR IN LIMITING DEFENDANT'S CROSS EXAMINATION

■ This is a confusing issue which arises as a result of rulings made by the

trial court at a hearing on defendant's motion in limine. These rulings were followed and elaborated upon during the course of the trial. These disputed rulings and the confusion that developed thereafter point up the difficulty faced by a trial judge when he is required to rule in a "vacuum" at a motion in limine. Upon defendant's motion the state was prohibited from presenting evidence that the defendant sexually assaulted the victim's 82 year old mother, which act occurred during the time period involving the attempted rape of the victim. Defendant's counsel also advised the court that he intended to impeach the victim's testimony at trial with her statements made at the preliminary hearing. The court ruled that the state could introduce evidence that the mother of the victim had died two days after the incident and that this fact could be shown to explain why the victim was so upset and inaccurate in her testimony at the preliminary hearing. (The victim was leaving to attend her mother's out-of-state funeral on the day of the preliminary hearing.) This ruling did not retract the order prohibiting the state from alluding to the attack by the defendant on the victim's mother. It merely allowed the prosecutor to rehabilitate the victim's testimony, if necessary, by offering testimony relative to the severe emotional stress the witness was under at the time of her previous testimony due to the recent death of her mother. Defendant argues that in view of the court's ruling he would not impeach the victim with her prior inconsistent testimony because this would allow the state to attempt to rehabilitate her testimony by showing the inflammatory fact of the death ·of the victim's mother. Defendant claims the ruling of the court placed a chilling effect upon defendant's defense by denying defendant the right of effective cross examination of the victim.

■ We find no merit in defendant's position for it appears the defendant received unwarranted favorable rulings on his motions in limine. The court erred in not allowing the state to introduce the evidence of the defendant's sexual attack upon the victim's mother which occurred during the attempted rape. This was proper evidence to complete the story of the crime. *State v. Evans,* 110 Ariz. 380, 519 P.2d 182 (1974); *State v. Williams,* 27 Ariz.App. 279, 554 P.2d 646 (1976). It appears such evidence may also have been admissible to show certain unusual sexual propensities of the defendant. *State v. McFarlin,* 110 Ariz. 225, 517 P.2d 87 (1973); *State v. Phillips,* 102 Ariz. 377, 430 P.2d 139 (1967).

■ We find no error in the court's order which would have allowed the state to rehabilitate the victim if her testimony was impeached. It is the law of this state that an impeached witness may be permitted to attempt to explain away the inconsistencies developed on cross examination. In *State v. Farmer,* 97 Ariz. 348, 400 P.2d 580 (1965), our Arizona Supreme Court upheld this rule with the following statement:

> [T]he general rule is that the impeached witness may endeavor to explain away the effect of the supposed inconsistency by relating whatever circumstances would naturally remove it . . . To preclude the State from rehabilitating one of its impeached witnesses by this mode of rehabilitation would allow the defendant an unwarranted advantage in impeaching a witness with an assurance that his credibility would remain unimpaired. *Id.* at 353–354, 400 P.2d at 583.

See *M. Udall, Arizona Law of Evidence* § 69 (Supp.1975).

## TIMELY DISCLOSURE

Defendant alleges the court erred in the denial of his motion for a mistrial or a continuance when the victim on direct examination testified to matters previously undisclosed to defense counsel. Defendant acknowledges that the prosecutor did orally advise him that the victim was going to make some changes from her previous testimony given at the preliminary hearing. Defendant charges that the prosecution's failure to provide timely and complete dis-

closure of the victim's changes in testimony required sanctions under the provision of 17 ARS Rules of Criminal Procedure, rule 15.7:

If at any time during the course of the proceeding it is brought to the attention of the court that a party has failed to comply with any provisions of this rule or any order issued pursuant thereto, the court may impose any sanction which it finds just under the circumstances, including, but not limited to:

a. Ordering disclosure of the information not previously disclosed.

b. Granting a continuance.

c. Holding a witness, party, or counsel in contempt. ·

d. Precluding a party from calling a witness, offering evidence, or raising a defense not disclosed; and

e. Declaring a mistrial when necessary to prevent a miscarriage of justice.[1]

The state argues that the prosecutor's duty under the discovery rules as pertinent to this case only requires the state to provide the defendant with the names and addresses of witnesses together with their relevant written or recorded statements. See 17 ARS Rules of Criminal Procedure, rule 15.1(a)(1). The state acknowledges it has the further duty to disclose all information tending to mitigate or negate the defendant's guilt or reduce his punishment. See 17 ARS Rules of Criminal Procedure, rule 15.1(a)(7). In addition, each party has a continuing duty to disclose any new or additional information which is subject to disclosure. See 17 ARS Rules of Criminal Procedure, rule 15.6.

We have reviewed the record and it is our opinion that the state complied with the discovery rules and that the trial court did not abuse its discretion when it refused to grant the defendant's motion for a mistrial or a continuance. The criminal discovery rules do not require the state to provide a word-by-word preview to defense counsel of the testimony of the state's witnesses. See *State v. Moore,* 112 Ariz. 271, 540 P.2d 1252 (1975).

The judgment and sentence are affirmed.

NELSON, P. J., and DONOFRIO, J., concur.

---

1. This section was amended effective August 1, 1975, but presents no changes material to this appeal.