573 P.2d 930

**Orral BROWN and Mildred Brown, Appellants,**

v.

**GENERAL FOODS CORPORATION, a Foreign Corporation, and Bashas' Markets Phoenix No. 3, Inc., an Arizona Corporation, Appellees.**

**No. 1 CA–CIV 3504.**

Court of Appeals of Arizona, Division 1, Department A.

Jan. 10, 1978.

Fogel & Lamber, P. A. by Dennis M. Lamber, Phoenix, for appellants.

Lewis & Roca by Paul G. Ulrich, Douglas L. Irish, Phoenix, for appellees.

## OPINION

HAIRE, Judge.

On this appeal the principal question raised by the appellant is whether the trial court committed error in admitting, over appellant's objection, evidence relating to the appellee-manufacturer's quality control procedures.

Plaintiff-appellant (Orral Brown) filed his complaint against the appellee-retailer (Bashas' Markets, Phoenix No. 3, Inc.) and the appellee-manufacturer (General Foods Corporation) seeking to recover damages allegedly incurred as a result of eating adulterated substances which were contained in a food product manufactured by General Foods Corporation. Specifically, plaintiff's claim was that he sustained personal injuries as a result of ingesting into his system an extraordinary quantity of penicillium fungi which was growing on a moldy banana peel at the bottom of a box containing the cereal "Grape Nuts". The personal injuries complained of were nausea and severe tenderness in the big toe area of his right foot.

The action went to the jury on theories of implied warranty and strict liability in tort, and the jury returned verdicts against the plaintiff and in favor of the defendants.

After the entry of judgment and the denial of plaintiff's motion for a new trial, plaintiff filed this appeal.

Plaintiff's evidence consisted of testimony from which a jury could have found that the cereal box in question was purchased by plaintiff in an undamaged and unopened condition; that only the plaintiff consumed cereal from the box; and that by reason of the conditions of storage and the absence of bananas in plaintiff's home, the banana peel did not get into the box after it was opened by plaintiff. He also produced expert testimony from which the jury could have concluded that the "gouty-like" condition of his right big toe could have been caused by the toxic effects resulting from ingestion of an extraordinary quantity of penicillium fungi. In this connection, there was also medical evidence from which the jury could have concluded that plaintiff's physical infirmity was in fact the condition for which he was treated at the time, gout, and if so, that there was no causal connection to the alleged ingestion of excess penicillium fungi.

The complained-of evidence consisted of testimony by the laboratory manager for the quality control department of Post Cereals, the manufacturer and packager of Grape Nuts. He testified in general concerning the manufacturing processes, the packaging processes, and the quality control procedure used in producing Grape Nuts. The essence of his testimony was that because of these procedures, it was highly improbable, if not impossible, for the banana peel to have been in the box of Grape Nuts as plaintiff testified.

Both parties recognize that inasmuch as fault or negligence were not at issue in this action, the above-described testimony by defendants' witness would not be admissible to establish due care by the defendant manufacturer. In this connection it is important to note that in offering this evidence, the manufacturer did so for a limited purpose:

"he [the laboratory manager] will testify to the manufacturing practices of the defendant and that testimony will raise the issue in our view it is highly improbable that the plaintiff's story is true, that is, that he found the banana peel in the box under circumstances that could only have resulted from it having been in the box from the time of manufacture. *In other words, this testimony will go directly toward refuting the credibility of the plaintiff's testimony.*" (Emphasis added).

■ Assuming that the testimony was admitted for such a limited purpose, plaintiff nevertheless contends that the trial court committed error because:

"a manufacturer's defense to a warranty/strict liability case is restricted to establishing who contaminated the food product, and will not permit a showing by indirect, or circumstantial evidence, that it was improbable or even impossible that the defendants were responsible for the presence of the harmful object."

Although we recognize that there is some authority for plaintiff's contention,[1] we reject it as arbitrary and illogical, and contrary to well-established principles of law

1. *See Pulley v. Pacific Coca-Cola Bottling Co.*, 68 Wash.2d 778, 415 P.2d 636 (1966) and *Cernes v. Pittsburgh Coca-Cola Bottling Co.*, 183 Kan. 758, 332 P.2d 258 (1958).

governing the admissibility of evidence. Plaintiff characterizes the evidence in question as:

"useful only to establish 'improbability' not 'impossibility' . . . ."

and states that:

"evidence showing manufacturing and packaging processes and quality control and inspection standards can only show high improbability, and may be relevant when the defendant is faced with a claim that he breached some duty of due care, but it is not relevant, in fact it is highly prejudicial when the matter before the court involves implied warranty/strict liability."

Plaintiff thus acknowledges that the evidence in question tends to establish the improbability that the banana peel somehow got into the package during the manufacturing process. Given the fact that the evidence in question does tend to establish such improbability, it becomes relevant evidence admissible on that issue.

■ Rule 401, Arizona Rules of Evidence, defines relevant evidence as follows:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence".[2]

■ Under this test there can be no doubt but that the questioned testimony constituted circumstantial evidence relevant to an important issue in this case. The courts have recognized that a plaintiff may have to rely on circumstantial evidence to prove the existence of a defect in product liability cases. *See Reader v. General Motors Corp.*, 107 Ariz. 149, 483 P.2d 1388 (1971). Likewise, circumstantial evidence is admissible on a defendant-manufacturer's behalf if the admission of such evidence makes it appear more probable than it would otherwise appear without such evi-

dence that the product in question did not contain the claimed defect when it left the defendant's control. *St. Paul Fire & Marine Insurance Co. v. Michelin Tire Corp.*, 12 Ill.App.3d 165, 298 N.E.2d 289 (1973); *see also* authorities cited, 72 C.J.S. Supp. Products Liability § 79, at 140.

In *Davidson v. Wee*, 5 Ariz.App. 187, 424 P.2d 835 (1967), one of the issues before the court in an implied warranty action was whether the defendant-manufacturer of a permanent wave solution had erred in compounding the chemical product contained in the bottle and package purchased by the plaintiff. Over plaintiff's objection, one of the defendant-manufacturer's witnesses was, as in this case, allowed to testify as to the manufacturing methods used in its production. The objection expressed to this line of testimony was that it was irrelevant because it was not directed specifically at the solution in the particular bottle purchased by the plaintiff. On appeal, Division 2 of this court correctly held that the evidence was relevant to the issues before the court, and therefore properly admitted.

In *Barefield v. LaSalle Coca-Cola Bottling Co.*, 370 Mich. 1, 120 N.W.2d 786 (1963), an implied warranty action based upon plaintiff's claim that she was injured by particles of glass she ingested while consuming a bottle of Coke, plaintiff complained of the admission of evidence of the defendant's processing methods and techniques for excluding impurities from its bottles. In rejecting plaintiff's contention, the court stated:

"As in *Manzoni v. Detroit Coca-Cola Bottling Co.*, 363 Mich. 235, 109 N.W.2d 918, plaintiff's right to recover depended upon the jury's finding that the impurity was present when the product left the defendant's control. Defendant's challenged proofs of due care, while they would be admissible also in defense of a negligence action, were offered and admitted in this

2. We recognize that the Arizona Rules of Evidence were not in effect at the time of the trial of this case. However, Rule 401 has not changed the Arizona law of evidence relating to relevancy but rather merely furnishes a con-

cise, clearly stated standard for determining relevancy in accordance with established law. *See Reader v. General Motors Corp.*, 107 Ariz. 149, 483 P.2d 1388 (1971).

case for the purpose of negating the probability that the glass particles entered the bottle of Coca-Cola at defendant's plant, and for this purpose the proofs were properly received." 120 N.W.2d at 789.

To the same effect, *see Canterman v. Coca-Cola Bottling Co.,* 55 Pa.D & C 175 (Allegheny County C. P. 1945); *Conklin v. Ossining Food Center, Inc.,* 48 N.Y.S.2d 716 (Westchester County Ct. 1944); *Ogden v. Rosedale Inn,* 189 So. 162 (La.App.1939); and *Russo v. Louisiana Coca-Cola Bottling Co.,* 161 So. 909 (La.App.1935).

■ It should be noted that a manufacturer will rarely have available anything other than circumstantial evidence to disprove a plaintiff's claim relating to the discovery and existence of an alleged defect in a product. The circumstantial evidence is admissible, not to show lack of fault or the presence of due care on the manufacturer's part, but rather, as relevant evidence tending to show the improbability of the defect as alleged by the plaintiff. We can hypothesize a fact situation in which, by reason of the intrinsic nature of the defect and the impossibility of its occurrence other than in the manufacturing process, evidence of the manufacturer's quality control procedures would not be relevant and therefore would be inadmissible. However, such is not the case before us. The presence of the banana peel in the cereal box was not a defect of such a nature that it had to have occurred before the product left the possession and control of the defendant-manufacturer. Nor has plaintiff shown that the manufacturer's evidence was unduly prejudicial to him, separate and apart from the prejudice normally inherent in evidence supporting an opponent's position on the legitimate issues of the case. We therefore hold that under the circumstances of this case the defendant manufacturer's testimony relating to its quality control procedures was properly admitted.

Appellant also contends that the trial judge erred in denying his motion for new trial filed pursuant to Rule 59(a)(8), Arizona Rules of Civil Procedure, on the basis that the jury's verdict was contrary to and not justified by the evidence. In *Cano v. Neill,* 12 Ariz.App. 562, 473 P.2d 487 (1970), we approved the following as stating the standard to be employed by a trial judge in ruling upon a Rule 59(a)(8) motion for new trial:

" 'The trial judge, exercising a mature judicial discretion, should view the verdict in the overall setting of the trial; consider the character of the evidence and the complexity or simplicity of the legal principles which the jury was bound to apply to the facts; and abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result. The judge's duty is essentially to see that there is no miscarriage of justice. If convinced that there has been then it is his duty to set the verdict aside; otherwise not.' " 12 Ariz.App. at 569, 473 P.2d at 494, *quoting* 6A Moore's Federal Practice, § 59.08[5], at 59–160 to 59–161 (2d ed. rev. 1974).

■ Appellant presents the facts on appeal as though he established a factually uncontradicted case supporting his claim both as to liability and damages, but the truth is otherwise. As noted in the answering brief, evidence was presented from which the jury could have chosen to disbelieve plaintiff as to the facts establishing liability. Furthermore, even if we assume that liability was found, the jury could have determined that the claimed injuries were not caused by his ingestion of the penicillium fungi. We will not set forth this evidence in detail, but note that it is thoroughly discussed in appellees' answering brief filed in this appeal. We have reviewed the record, and we cannot say that the probative force of the evidence clearly demonstrates that the trial court's action in denying the motion for new trial was wrong and unjust, and therefore a manifest abuse of discretion. *Smith v. Moroney,* 79 Ariz. 35, 282 P.2d 470 (1955). Accordingly, we reject appellant's contention that the trial judge erred in denying his motion for new trial.

The judgment is affirmed.

NELSON, P. J., and FROEB, C. J., concur.