609 P.2d 570

**STATE of Arizona, Appellee,**

v.

**Charles Frederick PRINTZ, Appellant.**

No. 4881.

Supreme Court of Arizona,
En Banc.

March 26, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Jack H. Simon, Mesa, for appellant.

HAYS, Justice.

Charles Frederick Printz appeals from his January 16, 1979 conviction on three counts of attempted possession of stolen property. Taking jurisdiction pursuant to 17A A.R.S., Supreme Court Rules, rule 47(e)(5), we affirm.

A review of the record establishes the following facts. In order to combat significant local trade in stolen property, the police departments of Tempe, Scottsdale and Mesa, Arizona, combined forces and initiated the Tri-City Task Force, an undercover operation involving the sale of allegedly stolen property to suspected dealers in such contraband by non-uniformed police. That the property transferred was in reality not stolen, but was only represented as such, reduced the crime ultimately committed to merely attempted possession. A.R.S. § 13–108 (1956).*

Pursuant to this plan, appellant was sold purportedly stolen television sets on three separate occasions in March and April of 1978. In each instance, the televisions were 19″ color sets purchased by the Task Force from Sears, Roebuck and Co. one or two days prior to the sale and appellant was informed that they were stolen. In addition, the conversations accompanying each transfer were recorded by the selling officer through use of hidden microphones.

---

* All citations to the Arizona Criminal Code contained in this opinion refer to the statute as it existed prior to its revision effective October 1, 1978.

## TESTIMONY REGARDING VALUE

█ Pursuant to A.R.S. § 13–621 (Supp. 1978), possession of stolen property may constitute either a felony or a misdemeanor depending upon whether the goods received were valued at greater or less than one hundred dollars. Appellant was convicted of the former and now poses several questions regarding the testimony offered by appellee to establish the worth of the television sets in question.

The testimony of Officers William Ebert and William Lewis, two members of the Task Force, was the only evidence of value produced at trial. Appellant initially questions the propriety of accepting value assessments from police officers having little or no expertise in the field of television electronics. In our opinion, however, even assuming, *arguendo*, the non-expertise of the two witnesses, appellant's contention must fail.

Scrutiny of the transcripts reveals that Officer Ebert testified not as to the value of the television sets sold to appellant, but limited his appraisals to similar sets which he had priced in the past and to Task Force purchases in which he had actively participated. Similarly, Officer Lewis testified only as to the price he had paid for one of the sets eventually sold to appellant. Such testimony, restricted as it was, to solely the description of transactions within the personal knowledge of the witnesses, required no unique expertise and was properly admitted. 17A A.R.S. Rules of Evidence, rule 602.

█ More specifically, appellant alleges error in the admission of Officer Ebert's testimony that he had inquired into the price of similar television sets in the past and had found none worth less than the requisite $100. Such disclosure, appellant complains, permitted the witness to offer his opinion regarding the value of the sets sold to appellant without establishing a proper foundation and allowed the jury to infer the value of the televisions not knowing whether the witness' investigations involved the same make and model of television as sold to appellant.

Appellant's contention again ignores the focus of the testimony at bar. The witness testified not as to the price of the television sold to appellant, but restricted his discussion to the value of sets which he had personally priced. We feel that a proper foundation for such testimony was established when the officer testified that he had investigated the cost of television sets within one month of the sale to appellant and at least on a monthly basis prior to that. The information sought by appellant regarding make and model was a matter properly left to cross-examination and we therefore find no error.

█ The trial court also permitted Officer Ebert to testify that, based upon negotiations in which he had participated, the value of the 19″ Sears television sets utilized by the Task Force during March and April of 1978 was approximately $300. Appellant contends that Officer Ebert's value testimony was based upon hearsay and therefore inadmissible. We do not agree.

The "value testimony as hearsay" problem has been a consistent source of concern to both courts and commentators. It is arguable that since the essence of such testimony is often that, "a salesman *told* me that the product cost X amount," such evidence amounts to hearsay and is inadmissible. While this may be true, in *State v. Miller*, 108 Ariz. 303, 307, 497 P.2d 516, 520 (1972), we noted:

> "Knowledge of value does not necessarily rest on hearsay. It might be supposed that to know value is merely to know what other people *say* the thing is worth, —merely to have heard them offering and accepting prices. But the answer is that these various instances of offers or acceptances of prices, averaged into a mean or probable figure, are what constitute value. The statements of persons declaring their estimates of the prices they would give or receive are not taken, on the credit of those persons, as trustworthy assertions of the fact of value, but merely as items of conduct which *in themselves make up* that total fact of

conduct which we call value. Thus, if A sits in a merchant's office and listens to the terms accepted and rejected for a dozen articles, he acquires a first-hand knowledge of value; but if he goes in and asks the merchant to tell him the value of a given article, his knowledge is based on a belief in the truth of the merchant's assertion. In the former case, his knowledge is not based on hearsay * * ." (citation omitted)

In our opinion, the logic of this principle is sound and must govern the disposition of this matter. The witness testified not as to specific information supplied him in the course of a single transaction, but instead stated the figure based upon numerous negotiations. Where this is the case, the matter is no longer based upon hearsay and is therefore admissible.

Appellant's final allegation of error in this regard concerns the testimony of Officer Lewis. At trial, the witness stated that, on behalf of the Task Force, he had purchased the television utilized in Count III of the indictment and had paid $299.85 wholesale. Initially, appellant contends that such testimony was hearsay and therefore inadmissible. We, however, must disagree.

The law in Arizona excludes from the operation of the hearsay rule all evidence regarding matters not intended by the actor as an assertion. 17A A.R.S. Rules of Evidence, rule 801(a), defines a "statement," for purposes of the hearsay rule, as either:

"(1) an oral or written assertion or

"(2) nonverbal conduct of a person <u>if it is intended by him as an assertion.</u>" (emphasis added)

Pursuant to the above-quoted enactment, although nonverbal conduct may, under appropriate circumstances, be excluded as hearsay, the underscored language makes it clear that the conduct in question must be intended by the actor as an assertion, i. e., must be, in effect, the equivalent of words expressing his or her belief of the existence of the fact sought to be proved. Examples of such inadmissible conduct include a nod of the head in response to a question or the deliberate pointing of a finger as a method of identification. Admissible conduct is demonstrated by the raising of an umbrella in order to provide protection from precipitation, since such conduct would clearly not be intended as an assertion that it is raining. Similarly, the payment of money by the officer cannot be said to be intended by him at the time it was done as an assertion regarding the value of the television and we therefore find no error.

Nor are we persuaded, as appellant contends, that the testimony was irrelevant since it tends to establish the price of a new television and not the "used" set which appellant acquired. The standard governing the determination of relevance is set forth in 17A A.R.S. Rules of Evidence, rule 401. Rule 401 has not significantly altered the principle existing prior to its 1977 adoption, and we therefore find the previous case law in this area, where not inconsistent, to be controlling. *Brown v. General Foods Corp.*, 117 Ariz. 530, 573 P.2d 930 (App.1978). As a general rule,

" '[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rules of Evidence, rule 401.

In other words, the trial court should inquire whether " . . . the evidence offered [would] render the desired inference more probable than it would be without the evidence." *Udall, Arizona Law of Evidence*, § 111 at 207 (1960).

In our opinion, the value of a television on the day prior to its transfer cannot be said to be irrelevant, under the aforementioned language, to its value on the following day. Moreover, in this regard, we have held that proof of the price at which an article is sold is always admissible on the question of its reasonable value. *Yuma County v. Hanneman*, 42 Ariz. 561, 28 P.2d 622 (1934). Under these circumstances, we are unable to hold, that, as a matter of law, the trial court abused its discretion in ad-

mitting the testimony in question. *Brown v. General Foods Corp., supra.*

## ADMISSION OF THE TAPES AND TRANSCRIPTS

Appellant next seeks reversal on the ground that the trial court improperly admitted into evidence the taped recordings of the conversations accompanying each exchange and the transcripts made pursuant thereto. The vices alleged to be present in this evidence were statements of value made by the selling officer and inaccurate transcription.

■ Focusing initially upon the transcripts, we have carefully scrutinized the written transcriptions pertaining to each count and find no reference to value contained in the first two and the sole such statement to have been deleted in the third. Regarding the inaccuracies, we note the absence of the tape recordings in question from the record and we therefore have no basis for comparison. It is well established in this jurisdiction that "it is the duty of counsel who raises objections on appeal to see that the record before us contains the material to which he takes exception * *," *State v. Caldwell,* 117 Ariz. 464, 468, 573 P.2d 864, 868 (1977), and that "[w]here matters are not included in the record on appeal, the missing portions of the record will be presumed to support the action of the trial court." (citation omitted). *Id.* We find *Caldwell, supra,* to be similarly controlling as to the admissibility of the tape recordings and therefore find no error in their admission into evidence.

## DIRECTED VERDICT AND SUFFICIENCY OF THE EVIDENCE

For the reasons discussed below, appellant contends the trial court erred in denying his motion for judgment of acquittal.

Initially, appellant contends that appellee failed to establish proper venue of the crimes alleged in the first two counts. Officer Lewis, however, clearly established the sales as occurring within the borders of Maricopa County and we therefore find this contention to be without merit.

In addition, appellant again argues that since the only evidence regarding value established the cost of a *new* television set, appellee failed to meet its burden of proof.

■ A judgment of acquittal prior to verdict is appropriate only where there is "no substantial evidence to warrant a conviction." 17 A.R.S. Rules of Criminal Procedure, rule 20(a). In this regard, we have said that, "[t]his court, on review of the lower court's denial of defendant's motion for directed verdict, must view the facts most strongly in favor of upholding the verdict of the jury." (citations omitted). *State v. Acosta,* 101 Ariz. 127, 130, 416 P.2d 560, 563 (1966). Of even greater significance in the instant dispute, it has also been held that when determining value, the jury should be permitted to utilize its common sense. *State v. Grijalva,* 8 Ariz.App. 205, 445 P.2d 88 (1968). With these principles in mind, we hold that the previously discussed testimony of Officers Lewis and Ebert constituted sufficient evidence to deny appellant's motion.

Similarly, appellant's claim that the verdict was not supported by the evidence must fail. In reviewing such contentions, we have repeatedly accepted the principle that the evidence and all inferences to be drawn therefrom are to be viewed in the manner most favorable to sustaining the verdict. *State v. Milton,* 85 Ariz. 69, 331 P.2d 846 (1958); *State v. Stephens,* 66 Ariz. 219, 186 P.2d 346 (1947). "Reversible error occurs where there is a complete absence of probative facts to support the conclusion (citations omitted)." *State v. Bearden,* 99 Ariz. 1, 3, 405 P.2d 885, 886 (1965). In the instant appeal, it is clear to this court that the evidence presented at trial reasonably supported the jury's finding of guilt.

## JURY INSTRUCTIONS

■ Finally, appellant asserts error in the failure of the trial court to give the instruction on value which he requested. A reading of the instruction given indicates that it correctly covered the point raised. The law of Arizona is, and for many years

has been, that "[i]t is not incumbent upon the court to give a defendant's requested instructions where it is substantially covered, even though the phraseology is different (citation omitted)." *State v. Kelley*, 110 Ariz. 196, 197, 516 P.2d 569, 570 (1973). We find no error.

Pursuant to A.R.S. § 13–4035, we have carefully examined the record for fundamental error and have found none.

The judgment of conviction and the sentence are affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.