NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

DUSTIN KEITH BROWN, *Appellant*.

No. 1 CA-CR 24-0086

FILED 10-22-2024

---

Appeal from the Superior Court in Yavapai County
No.  S1300CR202380164
The Honorable Debra R. Phelan, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Phillip A. Tomas
*Counsel for Appellee*

Michael J. Dew, Phoenix
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Vice Chief Judge Randall M. Howe joined.

_____

**P E R K I N S**, Judge:

¶1          Dustin Brown appeals his conviction for criminal damage, a class 6 felony. For the following reasons, we affirm his conviction.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          Brown was an inmate in the Yavapai County Jail. While using one of the jail's videophone kiosks, Brown punched, elbowed, and kneed the kiosk until it was inoperable. The repair technician who later inspected the kiosk found it so damaged he had to replace it entirely. The technician then followed his usual process: he emailed his employer to request an invoice for the repairs he completed, and his employer sent back an invoice that he then reviewed.

¶3          At trial, the State called the repair technician to testify to the amount of damage Brown caused to the videophone kiosk. Without first looking at the repair invoice, the technician testified that it cost $1,800 to repair the kiosk. Defense counsel objected for hearsay, but the court overruled the objection because the technician requested the invoice and had personal knowledge of the cost of repair.

¶4          The State then sought to clarify the specific amount of the repair cost by showing the technician the invoice. The technician responded that seeing the invoice would not help him remember the specific number — he was not aware of costs because he did not generate the invoice himself. Defense counsel objected for hearsay and foundation. The court overruled both objections, again finding that the technician testified as to his knowledge.

¶5          The State asked the technician again if seeing the invoice would refresh his memory of the exact cost of repairing the phone kiosk. The technician said yes. Defense counsel again objected for hearsay and foundation, and the court again overruled. The technician then reviewed

the invoice and testified that the exact cost of repair was $1,862.00. Neither party moved the invoice into evidence.

¶6        The jury convicted Brown of criminal damage, a class 6 felony and Brown timely appealed. We have jurisdiction. A.R.S. § 13-4033(A)(1).

## DISCUSSION

¶7        A person commits criminal damage by recklessly defacing or damaging property of another person. A.R.S. § 13-1602(A)(1). Criminal damage is a class 6 felony if the amount of the damage is $1,000 or more, but less than $2,000. A.R.S. § 13-1602(B)(4). The State bears the burden of establishing the amount of damage. *State v. Brockell*, 187 Ariz. 226, 229 (App. 1996).

¶8        Brown asserts the State failed to introduce sufficient evidence of the amount of damage he caused to the videophone kiosk. He notes the State failed to introduce the invoice into evidence; thus, the repair technician's testimony was the sole evidence of the amount of damage. Brown argues that testimony was hearsay. The sufficiency of evidence thus depends on whether the technician's testimony was admissible.

## I.        Admissibility of the Technician's Testimony

¶9        We review evidentiary rulings for an abuse of discretion. *State v. Johnson*, 212 Ariz. 425, 433, ¶ 25 (2006).

¶10        Brown argues "the *only* evidence the jury heard as to the amount of damages was the reading by the IT technician of [the employer's] calculation." Not so. The technician testified to an approximate repair cost of $1,800 before the State showed him the invoice. That testimony was admissible.

¶11        A witness may testify to a matter if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Ariz. R. Evid. 602. The technician testified that he had two years' experience with his employer, 18 months of which had been spent maintaining and repairing the jail's phone kiosks. His daily responsibilities included monitoring and maintaining the videophone kiosks. He testified to his extensive experience with and knowledge of the videophone kiosk systems at the jail. And he personally installed the videophone kiosks about six months before the incident.

¶12 The superior court did not abuse its discretion by concluding that the technician's initial testimony came from his personal knowledge. *See State v. Printz*, 125 Ariz. 300, 302–03 (1980) (police officer could testify to value of stolen television based on past experience inquiring into costs of similar televisions).

## II. Sufficiency of the Evidence

¶13 We review the sufficiency of evidence *de novo* but view the facts in the light most favorable to upholding the verdict. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). We will uphold the conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Cox*, 217 Ariz. 353, 357, ¶ 22 (2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We thus test the sufficiency of the evidence against the statutorily required elements of the offense. *See State v. Pena*, 235 Ariz. 277, 279, ¶ 5 (2014).

¶14 The only element in question here is the amount of damage. And based on the technician's admissible testimony of the approximate value of the repairs he performed and his years of experience, the jury was "permitted to utilize its common sense" in finding that Brown caused over $1,000 in damage to the videophone kiosk. *See Printz*, 125 Ariz. at 304. Viewed in the light most favorable to upholding the verdict, the technician's initial testimony provided sufficient reasonable evidence to support the verdict.

## CONCLUSION

¶15 We affirm Brown's conviction.

